**Arthur Dale JACK, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7941.**

United States Court of Appeals
Tenth Circuit.

Feb. 5, 1965.

---

Don J. Hanson, Salt Lake City, Utah, for appellant.

David K. Winder, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant was charged in a 2-count indictment with violations of 18 U.S.C. § 659 by the theft of an interstate shipment of wheat and by the interstate transportation of that wheat with knowledge that it was stolen. The jury found him guilty on each count. The court sentenced him under 18 U.S.C. § 4208(b) to the maximum term of 10 years and directed the study described in § 4208 (c).

Notice of appeal was filed. On August 12, 1963, after receiving the report from the Director of Prisons the court reduced the sentence to five years but did so without the presence of the appellant or his counsel. On December 9, 1963, the Supreme Court decided United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, in which it held that a district court erred in making final imposition of sentence under § 4208(b) in the absence of the defendant and his counsel. On March 27, 1964, the court of appeals on its own motion dismissed the appeal for failure to prosecute.[1]

On April 6, 1964, the district court permitted counsel for appellant to withdraw and advised appellant of this action

---

1. The order recites that on January 14, 1964, counsel for appellant wrote the court a letter "advising that he had come to the conclusion that there was no error on appeal but that appellant would not agree; that Norman Wade [counsel for appellant] states that appellant has since agreed that there was no error on appeal and the case should be dismissed."

by letter of April 9, 1964, in which the court said, among other things, "should you file application to be again brought before the court for resentencing I shall appoint an attorney for you." The court also wrote: "I note your statement that your letter should not be considered an application or motion at this time."

Nothing more was heard from appellant until August 3, 1964, when he filed a "petition for writ of review" in which he asserted that his sentence was invalid. The court promptly ordered him returned for resentencing and appointed an attorney for him. After a continuance, which is not the subject of any objection, the court resentenced him to a 5-year term on September 14, 1964.

Appellant took an appeal from the original commitment under § 4208 (b) and that appeal was dismissed, without objection from him, for failure to prosecute. He now presents an appeal from the final commitment. As we read Corey v. United States, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229, he does not have a right of two appeals because of trial errors. When he appeals from the original commitment, his appeal from the final commitment is limited to issues arising from actions taken at such commitment. Accordingly, we decline to consider in this second appeal any claim of trial errors.[2]

The only argument directed to the September 14, 1964, sentence is that the sentence is invalid because of unreasonable delay in imposition. Section 4208(b) provides that if a court desires more detailed information as a basis for sentence it may commit the defendant to the Attorney General[3] for a study in accordance with § 4208(c). The results of the study shall be reported to the court within three months unless the court grants time not in excess of three additional months for further study. After receiving the report the court may either put the defendant on probation, affirm the sentence, or reduce the sentence.

The only time limitation in the statute pertains to the furnishing of the report. No provision requires the court to act within a certain time after receiving the report. In our opinion action by the court must be within a reasonable time because undue delay would unfairly deprive the defendant of knowledge of the sentence which he must serve. The question of reasonableness must be determined on the facts of each case. The circumstances of the instant case, as heretofore outlined, were such that the district court did act within a reasonable time.

Affirmed.

---

2. The only trial error claimed relates to the instructions.

3. The commitment is "deemed to be for the maximum sentence of imprisonment prescribed by law."