**UNITED STATES of America, Appellee,**

v.

**James Elwood MILLER, Appellant.**

**No. 80–1078.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1980.

Decided Oct. 1, 1980.

Rehearing and Rehearing En Banc Denied March 30, 1981.

**170**

Mark L. Collins, Tucson, Ariz., for appellant.

Eugene R. Bracamonte, Asst. U.S. Atty., Tucson, Ariz., for appellee.

Before GOODWIN, FLETCHER and CANBY, Circuit Judges.

GOODWIN, Circuit Judge.

James Elwood Miller appeals a forty–year sentence imposed by the district court following his conviction on sixteen counts of violation of 18 U.S.C. §§ 922 and 924 (illegal dealing with firearms). The issue is whether Miller's ten purchases of guns from different gun shops constitute separate transactions for sentencing purposes.[1]

Miller, an ex–felon, agreed to supply firearms to an undercover agent. On April 28, 1978, he visited seven firearms dealers in Tucson, Arizona, and purchased at least one gun at each stop. These purchases were charged as separate transactions in Counts VI through XV of the government's indictment against Miller. While making the same purchases, Miller falsely stated on an Alcohol–Tobacco–Firearms Form 4473 in each store that he was not an ex–felon. These false statements became the basis of Miller's convictions on Counts XVI through XX of the indictment. Conviction on the above counts, plus conviction on Count II (selling firearms without a license), resulted in eight consecutive sentences of five years each.[2] Miller argues, without citing authority, that the purchase of seven different firearms at seven different stores on the same day constituted a single transaction. He asserts that he was filling a single order for one customer, and that the consecutive sentences imposed by the trial judge were illegal. In his view, a maximum sentence of ten years should gave been imposed.[3]

This court has no general authority to review sentences.[4] The decision whether to sentence consecutively or concurrently is usually within the discretion of the trial judge so long as the sentence falls within the boundaries prescribed by statute. *United States v. Buck,* 548 F.2d 871, 877 (9th Cir.), *cert. denied,* 434 U.S. 890, 98 S.Ct. 263, 54 L.Ed.2d 175 (1977). And this discretion is not reviewable on appeal. *Id.*

1. This court has held that a trial court may not lawfully impose consecutive sentences for separate counts when the separate counts are all components of the same transaction. *See, e.g., United States v. Edick,* 603 F.2d 772, 774–75 (9th Cir.1979); *United States v. Clements,* 471 F.2d 1253, 1254 (9th Cir.1972).

2. The trial court sentenced Miller to five years for each of sixteen counts. Sentences for eight firearm counts were made to run concurrently with those for eight false statement counts. The eight pairs of sentences, imposed consecutively, add up to 40 years.

3. Miller also argues that the false statement counts (XVI through XX), which induced the

shopkeepers to sell Miller a firearm, constitute a single transaction, and should not have led to convictions on counts independent of the firearm counts VI through XV. It is unnecessary, however, for us to address this issue because the sentences on all of the false statement counts were made to run concurrently with the sentences on the firearm counts.

4. Legislation pending before Congress may in the near future enlarge the scope of appellate review of statutory sentences. But at this time, Congress has not conferred that jurisdiction upon the courts of appeals.

Miller was sentenced under 18 U.S.C. § 924(a), which provides:

"Whoever violates any provision of this chapter [18 U.S.C. § 921, et seq.] or knowingly makes any false statement or representation with respect to the information required by the provisions of this chapter . . . shall be . . . imprisoned not more than five years . . . ."

It follows that if each purchase by Miller constituted a separate transaction, the sentence imposed by the trial judge was within the bounds prescribed by law.

In *United States v. Long*, 524 F.2d 60 (9th Cir.1975), this court held that where a defendant filled out separate ATF 4473 forms for two guns purchased, he was properly convicted and sentenced on each of two counts of giving false statements in connection with the purchase of firearms, even though he bought the two guns from the same person at the same time. *See also, Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

The case at bar is similar to *United States v. Long*. Miller went to separate gun shops, and after giving false information to each shopkeeper, received firearms which he later sold to an undercover ATF agent. His claim that these separate purchases should be treated as a single transaction, because they were made for the purpose of supplying a single buyer, has no more merit than a claim that robbing seven banks was a single transaction because the funds were to be used for a single purpose.

Affirmed.