**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Adolf MEYER, Defendant-Appellant.**

**No. 85–5219.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1986.

Decided Oct. 14, 1986.

Joan Weber, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

John J. Cleary, Cleary & Sevilla, San Diego, Cal., for defendant-appellant.

Before BROWNING, KENNEDY, and BEEZER, Circuit Judges.

KENNEDY, Circuit Judge:

On June 30, 1984, customs agents searched appellant's vehicle at the San Ysidro border crossing between Mexico and the United States and found thirteen photographs of the genitals of fifteen and seven-

teen-year-old boys. Appellant was charged in a superseding indictment with one count of transporting in foreign commerce visual depictions of minors engaging in sexually explicit conduct, 18 U.S.C. § 2252(a)(1) (Supp.1984), and one count of importing obscene photographs in violation of 18 U.S.C. § 545 and 19 U.S.C. § 1305. The trial was without a jury and on stipulated facts. The district court found appellant guilty and sentenced him to the maximum term of imprisonment on each count, ten and five years respectively. The sentences are consecutive. We affirm the convictions and the sentence.

■ We reject the government's threshold contention that the only issues properly before us are those related to the sentence. When the district judge entered the judgment of conviction at the conclusion of the stipulated facts trial, he tentatively imposed the maximum sentence pending a sentencing study pursuant to 18 U.S.C. § 4205(c). Appellant filed a timely notice of appeal, *see* Fed.R.App.P. 4(b), but later moved to dismiss the appeal. Some time after the motion for dismissal was filed, the sentencing study was completed and the district court affirmed the original sentence. Appellant then timely filed a second appeal which is the appeal before us. The government argues that the motion to dismiss the first appeal forecloses review of the conviction in this second appeal. We disagree.

The government's reliance on *Corey v. United States*, 375 U.S. 169, 84 S.Ct. 298, 11 L.Ed.2d 229 (1963), is misplaced. *Corey* holds that where, as here, a defendant is convicted and tentatively sentenced pending a sentencing study, he may appeal in either of two ways. First, the defendant can immediately appeal the conviction and then separately appeal the sentence when the study is completed and final sentence imposed. Second, the defendant can wait until the final sentence is imposed and then challenge both the conviction and the sentence in one appeal. *Id.* at 173–74 & n. 15, 84 S.Ct. at 301–02 & n. 15. Though *Corey* makes clear that a defendant who elects the former option is not entitled to two

appeals on the merits of his conviction, *id.* at 174 & n. 15, 84 S.Ct. at 302 & n. 15, *Corey* does not address the pertinent question of the scope of the second appeal where the first appeal is dismissed without reaching the merits.

It is true that the Tenth Circuit in *Jack v. United States*, 341 F.2d 273 (10th Cir.1965), construed *Corey* to foreclose review of the conviction in the second appeal where the first appeal is dismissed without objection from the defendant. *Id.* at 275. However, even assuming we were to follow *Jack* on its facts, that case is distinguishable. In *Jack* the motion to dismiss the first appeal was granted several months before the final sentence was imposed and the second notice of appeal filed. Here, in contrast, appellant's motion for dismissal was not granted until *after* the sentence was final and the second notice of appeal was filed. Thus appellant's first appeal was still pending when the second appeal was filed. The government does not explain why the subsequent dismissal of the first appeal should limit the scope of the second. Appellant is not precluded from challenging his conviction in the appeal before us.

■ Nevertheless, we decline to review the obscenity of the photographs. In the district court, appellant and his counsel signed a written stipulation that the photographs were obscene. At the stipulated facts trial, the district judge conducted an extended colloquy with appellant to ensure that he was familiar with the stipulation and understood its consequences. *See United States v. Miller*, 588 F.2d 1256, 1264 (9th Cir.) (trial judge should ensure that stipulation is voluntary), *cert. denied*, 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979). The judge informed appellant of the maximum sentence he faced and appellant indicated he was willing to proceed with the stipulated facts trial. In appellant's presence, defense counsel reiterated that the "stipulation on my part and Mr. Meyer's" was that the photographs were obscene. There is no indication that the stipulation was involuntary or that the defendant was unaware of its contents. Consequently, appellant is bound by the stipulation. *See United States v. Ferreboeuf,*

632 F.2d 832, 836 (9th Cir.1980), *cert. denied*, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 368 (1981). To the extent appellant asserts that his attorney's decision to concede obscenity constituted ineffective assistance of counsel, his contention rests on facts not developed on this direct appeal and he is free to pursue the contention in a collateral proceeding under 28 U.S.C. § 2255. *United States v. Kazni*, 576 F.2d 238, 242 (9th Cir.1978); *see United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) ("customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255"), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

■ We reject appellant's argument, raised for the first time on appeal, that his conviction under 18 U.S.C. § 545 violated his privilege against self-incrimination. Appellant was convicted of importing the photographs, not of failing to declare them. The indictment charged appellant under the second paragraph of 18 U.S.C. § 545, which proscribes "knowingly import[ing] or bring[ing] into the United States, any merchandise contrary to law...." The indictment referred to 19 U.S.C. § 1305, which prohibits the importation of obscene articles. As appellant was not charged with failing to declare the photographs, no self-incrimination issue is presented here.

■ We reject appellant's next contention, also raised for the first time on appeal, that the photographs cannot constitute "merchandise" within the meaning of 18 U.S.C. § 545 because he did not intend to use them for commercial purposes. The argument is meritless, as we have held that "merchandise" under section 545 includes items intended for personal noncommercial use. *United States v. Hall*, 559 F.2d 1160, 1165 (9th Cir.1977), *cert. denied*, 435 U.S. 942, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978). Appellant's intended use of the photographs is irrelevant.

■ Appellant also argues for the first time on appeal that Count I of the indictment charging violation of 18 U.S.C. § 2252 did not give him adequate notice of the crime charged, because it stated that the photographs depicted "lewd" exhibition of the genitals, while the statute in effect when appellant committed the crime required "lascivious" exhibition. 18 U.S.C. § 2255(2)(E) (Supp.1984). We reject appellant's contention as we fail to see how the wording of the indictment impaired his defense. *See United States v. Pheaster*, 544 F.2d 353, 363 (9th Cir.1976), *cert. denied sub nom. Inciso v. United States*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). The statute was amended from "lewd" to "lascivious" shortly before appellant committed the crime, *see* 18 U.S.C. § 2253(2)(E) (1982) (former version of section 2255, renumbered and amended May 21, 1984), and as appellant concedes, the legislative history suggests that the amendment was only "technical." H.R.Rep. No. 536, 98th Cong., 1st Sess. 8, *reprinted in* 1984 U.S.Code Cong. & Ad.News 492, 499. Appellant does not seriously suggest that he was confused as to the charges he had to meet, *see Pheaster*, 544 F.2d at 363, and under the circumstances the indictment's correct citation to the statute was adequate to inform him that lasciviousness was an element of the crime, *see United States v. Coleman*, 656 F.2d 509, 511–12 (9th Cir. 1981).

■ We next turn to appellant's contention that his fifteen-year sentence is unduly harsh. Our authority to review a sentence is narrow. *United States v. Hall*, 778 F.2d 1427, 1428 (9th Cir.1985). A sentence within the statutory limits is generally not reviewable. *United States v. Messer*, 785 F.2d 832, 834 (9th Cir.1986). Though appellant suggests the maximum sentence was unwarranted, imposition of the maximum term of imprisonment does not in and of itself trigger appellate scrutiny. *United States v. Barker*, 771 F.2d 1362, 1367 (9th Cir.1985).

The trial judge took extensive testimony on the characteristics and recidivist tendencies of pedophiles, and the argument on appeal seems to be that the judge drew erroneous conclusions from that testimony and was unduly influenced by it. We find no error here. The statute under which appellant was convicted was intended to

combat the sexual exploitation of minors. S.Rep. No. 438, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.Code Cong. & Ad. News 40, 42–43 (legislative history of the Protection of Children Against Sexual Exploitation Act of 1977 (current version at 18 U.S.C. §§ 2251–55 (Supp.1984)). Though appellant was sentenced on counts pertaining to transporting and importing the photographs, it was stipulated that he took the pictures himself and engaged in sex acts with the minors involved. The district judge gave weight to testimony that the young victims of pedophiles may suffer severe psychological and emotional injury, and may become pedophiles themselves. In light of the stipulated facts and the statute under which appellant was convicted, the potential harm posed by appellant's pedophilia was a proper subject of the sentencing proceeding.

■ Appellant contends that certain comments by the district judge reflect a failure to consider the evidence and were tantamount to an automatic imposition of the maximum sentence, violating the principle that the judge must exercise his discretion so that sentencing is directed to the individual before the court. *Barker,* 771 F.2d at 1364–65; *see Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974); *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1276 (9th Cir.1982). The district judge ordered a sentencing study under 18 U.S.C. § 4205(c) to determine whether appellant's pedophilia was treatable. When the judge ordered the study, he cautioned appellant against harboring "false hope" of receiving a sentence less than the maximum. The judge indicated he would impose the maximum sentence if the study left open "any kind of chance that [appellant] is going to repeat and molest any other young boys." When the study was completed, the judge stated that "there is no 100 percent guarantee if treatment is engaged in that this defendant will not repeat." Though the judge's remarks taken in isolation might suggest a predisposition to impose the maximum sentence regardless of the evidence, the record shows the judge adequately considered and weighed the testimony.

Appellant is wrong that the district judge mechanically imposed the maximum sentence and ignored overwhelming evidence in favor of the likelihood of successful treatment. Though the defense expert Dr. Schwartz estimated there was a good probability of successful treatment for appellant, he stressed that accurate predictions in individual cases are difficult. The district judge weighed Dr. Schwartz's estimate, noting that it contradicted the earlier testimony of William Dworin, a police specialist who opined that the likelihood of successful treatment is low. Detective Dworin had investigated between 1,200 and 1,500 child molestation cases, and the district judge stated on the record that Dworin was a well-qualified witness because of his background. It is true that Dr. Friedman, who conducted the study under section 4205(c), also estimated the probability was high that appellant, if treated, would cease his sexual activity with minors. The district judge, however, considered Dr. Friedman's report and discredited it on the ground that Dr. Friedman had never treated pedophiles. Further, Dr. Friedman's report stated that appellant's criminal record which included sexual offenses weighed against successful treatment, and the district judge expressly considered appellant's criminal record at the sentencing proceeding. The record reflects a permissible and reasonably considered judgment that there was not a great enough likelihood of successful treatment to warrant a sentence other than the maximum. The sentence was harsh but not improper.

■ Appellant also argues that his sentence violates the Supreme Court's ruling in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Id.* at 290, 103 S.Ct. at 3009. Appellant submitted to the district judge a consultant's report purporting to show that defendants convicted of committing "lewd or lascivious acts with child under age 14" in violation of California Penal Code § 288 (West Supp.1986) typically are sentenced to relatively short terms of imprisonment.

Appellant also brought to the district judge's attention at least one federal case, *United States v. Hale,* 784 F.2d 1465 (9th Cir.1986), in which a defendant convicted under 18 U.S.C. §§ 545 and 2252 was fined and sentenced to a probationary term. *Hale,* 784 F.2d at 1471 n. 4. Appellant argues that the district judge was required under *Helm* to harmonize appellant's sentence with the sentences imposed under the same or related offenses in state court and in other federal courts. We disagree. In *Helm* the Supreme Court acknowledged the trial judge's discretion to impose a sentence within permissible statutory limits. *Helm,* 463 U.S. at 290 & n. 16, 103 S.Ct. at 3009 & n. 16. In a post-*Helm* case, we stated that a district court "is not required to harmonize its view of appropriate sentencing with that of other district courts...." *Barker,* 771 F.2d at 1367. Because individual circumstances may vary from one offender to another, persons convicted of the same crime need not receive similar sentences. *Hall,* 778 F.2d at 1428. The district judge was not required to reconcile appellant's sentence with the sentences that other courts have imposed on other defendants.

Finally, appellant argues that it was improper to impose consecutive rather than concurrent sentences. Appellant does not dispute that the district judge's sentencing discretion extends to the decision whether to impose consecutive sentences. *United States v. Miller,* 650 F.2d 169, 170 (9th Cir.1980), *cert. denied,* 454 U.S. 844, 102 S.Ct. 158, 70 L.Ed.2d 130 (1981). Appellant's contention is that double jeopardy principles forbid consecutive sentencing under 18 U.S.C. § 545 and 18 U.S.C. § 2252.

The test to determine if two statutory offenses may be punished cumulatively is whether each statute requires proof of a fact that the other does not. *Albernaz v. United States,* 450 U.S. 333, 337–38, 101 S.Ct. 1137, 1141–42, 67 L.Ed.2d 275 (1981) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). When two statutes are not the same offense under the *Blockburger* test, it is presumed that Congress did not intend to preclude multiple punishment. *Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); *Albernaz,* 450 U.S. at 340, 101 S.Ct. at 1142. Here, each statute required proof of an element that the other did not. Section 545 requires that the importation be "contrary to law," and the indictment referred to 19 U.S.C. § 1305, which prohibits the importation of obscene pictures. Thus, appellant's conviction under 18 U.S.C. § 545 required that the photographs be obscene. In contrast, section 2252 does not refer to obscenity, and the legislative history makes clear that obscenity is not required. H.R.Rep. No. 536, 98th Cong., 1st Sess. 7, *reprinted in* 1984 U.S.Code Cong. & Ad.News 492, 498. Section 2252 requires that the photographs depict minors, an element not present in 18 U.S.C. § 545 and 19 U.S.C. § 1305. As each statute required proof of an element that the other did not, consecutive sentences were permissible.

Appellant's convictions and sentence are AFFIRMED.