892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo PORTILLO-PARRA, Luis Reyes-Velasquez, and Alberto
Mendoza-Garcia, Defendants-Appellants.
 Nos. 88-1133 to 88-1135.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 30, 1989.
Decided Oct. 13, 1989.
 
 Before WALLACE, POOLE and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 These three defendants appeal their sentences of life in prison imposed for conspiracy to distribute 90 kilograms of cocaine. Each defendant is eligible for parole after serving ten years. In addition, appellant Rodolfo Portillo-Parra (Portillo) appeals his conspiracy conviction.
 
 
 3
 Appellant Portillo argues that the district court abused its discretion by sentencing him to life in prison. Additionally, Portillo argues that the district court improperly failed to enter a judgment of acquittal on the conspiracy count. Appellant Luis Reyes Velasquez, aka Luis Caro-Quintero (Caro-Quintero) argues that his sentence of life in prison violates the eighth amendment's prohibition against cruel and unusual punishment. Appellant Alberto Mendoza-Garcia (Mendoza-Garcia) also argues that his sentence of life in prison violates the eighth amendment.
 
 
 4
 * Appellant Portillo argues that the district court abused its discretion in sentencing him to life in prison because the court failed to individualize his sentence. He relies exclusively upon this court's decision in United States v. Barker, 771 F.2d 1362, 1365 (9th Cir.1985), where the court stated that "a criminal sentence must reflect an individualized assessment of a particular defendant's culpability rather than a mechanistic application of a given sentence to a given category of crime." In Barker, each of five defendants had pleaded guilty to one count of an indictment charging participation in the shipment of marijuana. The district court sentenced each defendant to the maximum five year prison term authorized by statute. This court overturned the sentences because the lower court had employed a mechanical approach to sentencing that did not consider individual circumstances.
 
 
 5
 The Barker court described the requirement of an individualized assessment as a well supported exception to the general principle that "trial courts are accorded virtually unfettered discretion in imposing sentence." 771 F.2d at 1364. The "concern is less the appropriateness of a given criminal sentence than the propriety of the process through which sentence was imposed." Id. at 1365. The Barker court concluded that "it was the category of crime, rather than the culpability of each individual criminal, that led the [district] court to impose the maximum statutory term." d. at 1366. This preoccupation with the category of crime yields a "mechanized sentencing which we seek to avoid." Id. In addition, the Barker court emphasized that the district court had imposed "the same maximum statutory prison term upon each defendant, despite the differences in their levels of involvement." Id. at 1367.
 
 
 6
 The district court below stated as follows in sentencing Portillo:
 
 
 7
 Let me make one thing clear: I don't think that these two defendants are major operators in the organization. But every organization has people that play different roles, and somebody has to be the chauffeur. Somebody has to be the delivery guy. Somebody has to be the negotiator. Somebody has to play different roles. Somebody has to supply the cocaine. And as far as I am concerned, if they get involved knowingly, they are just as guilty as the guys who are bringing it up from Latin America.
 
 R.T. at 37, March 17, 1988.[1]
 
 8
 The government misconstrues Portillo's claim as a cruel and unusual punishment claim, failing to appreciate that he makes a different type of challenge to his sentence than do his codefendants. See United States v. Meyer, 802 F.2d 348, 352 (9th Cir.1986) (separately analyzing a Barker claim and an eighth amendment claim), cert. denied, 108 S.Ct. 71 (1987). In short, a Barker claim does not center on the fairness of the ultimate sentence, but rather on the process by which it was imposed.
 
 
 9
 The government states that Portillo's "entire argument" rests on the faulty assumption that his sentence is not subject to parole. In fact, as the government indicates, Portillo is eligible for parole after 10 years.[2] See 18 U.S.C.A. § 3551 (West Supp.1989) (sentencing guidelines and repeal of 18 U.S.C. § 4205 effective November 1, 1987). Appellant concedes in his reply brief that he is eligible for parole, but he argues that his challenge goes to the district court's failure to have exercised sentencing discretion under Barker. Appellant is correct that his Barker claim does not turn on his parole eligibility.
 
 
 10
 In United States v. Monaco, 852 F.2d 1143, 1151 (9th Cir.1988), cert. denied, 109 S.Ct. 864 (1989), the court distinguished Barker. The Monaco court noted that, unlike Barker, the sentences imposed by the district court were not uniform, with some defendants receiving the maximum sentence and others receiving less. In addition, the district court in Monaco listed a variety of mitigating factors and stated that it had taken them into consideration. In United States v. Potts, 813 F.2d 231, 232 (9th Cir.1987), the court rejected the defendant's Barker challenge because the district court sentenced the defendants in accord with their plea agreements at less than the maximum terms, although the district court stated that a maximum sentence would be in order. In addition, the Potts court stated that there were no mitigating circumstances necessitating widely varying sentences.
 
 
 11
 While the district court's remark that "if they get involved knowingly, they are just as guilty as the guys who are bringing it up from Latin America" at the March 17 sentencing hearing raises a colorable Barker claim, the court's actions spoke louder than its words. The indictment charged six other persons with conspiracy, and Portillo recognizes that codefendant Sergio Rivas-Ramirez was sentenced to seven years. Indeed, the district court sentenced three other defendants to lesser terms than Rivas-Ramirez. Under these circumstances, our Monaco decision controls and Portillo's claim is rejected.
 
 
 12
 The government's response to Portillo's sufficiency of the evidence challenge is persuasive. Portillo was present at the first meeting in California where the agents flashed the $2,000,000. He returned later that day and sought to use the agent's vehicle to retrieve the cocaine. He came and went several times to the motel room. Finally, he left the room to go to the street to bring up the cocaine. The evidence was sufficient to support his conviction.
 
 II
 
 13
 Caro-Quintero makes a one-and-one-half page argument that his sentence violates the eighth amendment. Caro-Quintero played a major role in the transaction. He was involved in the initial meeting in Tucson where he stated that 10 tons of cocaine were available. He also handled the exchange itself in Los Angeles. Caro-Quintero is sentenced to life in prison, with eligibility for parole in 10 years.
 
 
 14
 Under the eighth amendment, "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." Solem v. Helm, 463 U.S. 277, 290 (1983). "A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." United States v. Kinsey, 843 F.2d 383, 392 (9th Cir.1988), cert. denied, 108 S.Ct. 2882, cert. denied, 109 S.Ct. 99 (1988).
 
 
 15
 Caro-Quintero complains that his life sentence on the conspiracy count is longer than his 25 year sentence for possession in the California case, where Caro-Quintero was convicted of possession in connection with the 90 kilograms ultimately delivered in Los Angeles. The government argues that Caro-Quintero's eligibility for parole in 10 years on the conspiracy conviction renders the two sentences "not disproportionate."
 
 
 16
 "Whether the opportunity for parole exists is an important factor in determining the harshness of the penalty. The Court in Solem relied heavily on the absence of a possibility of parole in its determination that the sentence was unconstitutional." Cocio v. Bramlett, 872 F.2d 889, 893 (9th Cir.1989) (citation omitted); see also Alford v. Rolfs, 867 F.2d 1216, 1222 (9th Cir.1989) (defendant "could become eligible for parole after six years of confinement"); United States v. Jaramillo-Montoya, 834 F.2d 276, 279 (2d Cir.1987) (parole is "a matter which may be taken into account when assessing the harshness of the penalty") (citing statutory eligibility for parole after one-third of prison term, or thirteen years), cert. denied, 108 S.Ct. 1998 (1988); United States v. Ortiz, 742 F.2d 712, 715 (2d Cir.1984) (rejecting an eighth amendment claim where the defendant became eligible for parole after serving three and one-third years), cert. denied, 469 U.S. 1075 (1984). In Solem, the Court contrasted the facts before it with the facts of Rummel v. Estelle, 445 U.S. 263 (1980), where the defendant "was likely to have been eligible for parole within 12 years of his initial confinement, a fact on which the Court relied heavily." Solem, 463 U.S. at 297.
 
 
 17
 Taking Caro-Quintero's eligibility for parole into consideration, it cannot be said that his sentence for conspiring to distribute cocaine violates the eighth amendment. In Kinsey, the court rejected the defendant's contention that his twenty-year sentence for conspiracy to distribute rock cocaine, without the possibility of parole, violated the eighth amendment. Kinsey, 843 F.2d at 392. Drug crimes threaten the very fabric of our society. "In light of the severity of the crime and drug-related problems of today's society, we find that the penalty is proportionate to the crime committed." United States v. Savinovich, 845 F.2d 834, 840 (9th Cir.1988) (five-year sentence for possession with intent to distribute), cert. denied, 109 S.Ct. 369 (1988); see also United States v. Klein, 860 F.2d 1489, 1496-97 (9th Cir.1988) (noting that Congress considers possession of a controlled substance with intent to distribute a "grave" offense and that "[n]arcotics trafficking offenses are increasingly distinguishable from other nonviolent crimes"); cf. Cocio, 872 F.2d 889 (rejecting eighth amendment challenge by drunk driver sentenced to life without possibility of parole for 25 years who committed manslaughter in an automobile accident while on probation for previous felony conviction).
 
 
 18
 Caro-Quintero cites no evidence to support the second and third Solem prongs; namely, that his sentence is disproportionate to other crimes in the federal statutes or to the sentences for the same crime in other jurisdictions. Concerning the third element, this court has rejected the notion that Solem requires the district judge "to reconcile appellant's sentence with the sentences that other courts have imposed on other defendants," despite a defendant's proffer that his sentence was disproportionate to sentences within and without the jurisdiction. United States v. Meyer, 802 F.2d 348, 353 (9th Cir.1986), cert. denied, 108 S.Ct. 71 (1987); see also United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir.1988) (stating that "the proportionality requirement of the eighth amendment does not require that a defendant's sentence be harmonized with sentences imposed by other courts on other defendants") (citing Meyer ).
 
 III
 
 19
 Appellant Mendoza-Garcia argues that his life sentence violates the eighth amendment because he "was solely ... a driver." Mendoza-Garcia's premise is faulty. The eighth amendment requires that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted." Solem, 463 U.S. at 290 (emphasis added). Mendoza-Garcia was convicted of conspiring to distribute cocaine, not merely acting as a driver. Conspiracy to distribute cocaine is a very serious crime.
 
 
 20
 In Klein, the defendant argued that his sentence of five years without possibility of parole for conspiracy to distribute cocaine violated the eighth amendment because he played "the lowest possible role in the conspiracy." Klein, 860 F.2d at 1496. The Klein court rejected this challenge, reasoning that "[t]he fact that appellant may have had 'the lowest possible role' in the narcotics conspiracy does not diminish the level of culpability which attended his own acts." Id. at 1497. By mentioning the "culpability which attended his own acts," the court indicates that the proper focus is the conspiracy itself. In other words, the conspiracy and not the defendant's role in the conspiracy is the crime for which he was convicted.[3]
 
 
 21
 In any event, the government persuasively argues that the evidence supports the conclusion that Mendoza-Garcia was more than a driver. Agent Gomez testified that Mendoza-Garcia initially "was calling the shots" when the parties met in Los Angeles.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also sentenced Mendoza-Garcia at this hearing
 
 
 [2]
 Portillo was later convicted in California on the substantive charge underlying the conspiracy charge. He is sentenced to a minimum mandatory sentence of 15 years on that conviction
 
 
 [3]
 Additionally, it would nearly be impossible to compare the sentence a defendant would receive in another jurisdiction for the same crime if the particular acts of the defendant were regarded as "the crime" for proportionality purposes