967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael ANDERSON, Defendant-Appellee.
 No. 90-50673.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 1, 1992.*
Decided July 2, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Anderson appeals his sentence following conviction after a stipulated facts trial, contending that the district court erred in imposing a minimum term pursuant to 21 U.S.C. § 841(b) because the government failed to prove that the substance found in his possession was cocaine base. We affirm.
 
 
 3
 The government charged Michael Anderson with possession with intent to distribute approximately 54.5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count I) and knowingly using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count II). Anderson stipulated to the fact that the substances seized from him were "cocaine base." After a bench trial, the court found Anderson guilty and sentenced him to a ten-year term as required by 21 U.S.C. § 841(b)(1)(A)(iii), a five-year consecutive term as required by 18 U.S.C. § 924(c)(1), five years supervised release, and a special assessment fee of $100. Anderson timely appeals.
 
 
 4
 This court reviews a district court's determination of underlying facts in connection with sentencing for clear error. United States v. Davis, 922 F.2d 1385, 1387-88 (9th Cir.1991). 21 U.S.C. § 841(b) provides that any person found guilty of a violation of section 841(a) involving 50 grams of more of a mixture or substance containing cocaine base shall be sentenced to a term of imprisonment which may not be less than ten years or more than life. 21 U.S.C. § 841(b)(1)(A)(iii); United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989) (ten-year minimum mandatory sentence properly applied to first-time offender who pleaded guilty to possessing with intent to distribute over 50 grams of cocaine base).
 
 
 5
 Facts stipulated to by both parties are deemed conclusively proven. United States v. Rubio, 727 F.2d 786, 797 (9th Cir.1983). Here Anderson and the government stipulated that two bags with a "solid substance containing cocaine base" totaling approximately 53.2 grams were found in Anderson's possession and that experts would so testify. The district court questioned Anderson to ensure that the stipulation was knowingly and voluntarily made. Anderson is bound by the stipulation. See U.S. v. Meyer, 802 F.2d 348, 350 (9th Cir.1986), cert. denied, 484 U.S. 817 (1987). Thus, the district court properly sentenced Anderson to the ten-year minimum required by statute. See Malone, 886 F.2d at 1166.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3