980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tonya Denise DRAKE, Defendant-Appellant.
 No. 91-50804.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 25, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tonya Denise Drake appeals her conviction and sentence for possession of 232 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Drake was sentenced to 121 months in prison, five years of supervised release, and a $50 special assessment.
 
 
 3
 On June 21, 1990, Drake brought a large cardboard box to the Airborne Express terminal at Los Angeles International Airport for shipment. Airborne Express employees found her behavior suspicious, recorded her license number, and decided to open the box, pursuant to their authority under federal air freight tariff regulations. Among other things, they found an open box of Tide detergent containing a ziplock bag, inside which were two flat white objects. The employees then contacted the LAPD Narcotics Division. Officers from the Narcotics Division conducted a field test, which determined that the substance in the bag was cocaine.
 
 
 4
 Drake voluntarily surrendered to the LAPD on June 29, 1990, after a search of her apartment had been conducted. She waived her Miranda rights and stated that she had delivered the box to Airborne Express for someone named Fred Haley in exchange for $100. When asked if she knew there were drugs in the box, Drake "said that she thought something was up, but she wasn't sure."
 
 
 5
 Drake argues on appeal that the district court erred in denying her motion to suppress the cocaine, that the district court erred in giving a deliberate ignorance (Jewell ) instruction, and that a sentence below the Sentencing Guidelines range and below the statutory minimum is appropriate in this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 6
 * Drake first argues that the search by the Airborne Express employees violated her Fourth Amendment rights, because the primary purpose for conducting the search was to assist law enforcement authorities. We review a motion to suppress de novo. See United States v. Homick, 964 F.2d 899, 903 (9th Cir.1992).
 
 
 7
 A search and seizure by a private party does not implicate the protections of the Fourth Amendment. See United States v. Jacobsen, 466 U.S. 109, 115 (1984). We have noted that "[s]earches by airfreight carriers conducted pursuant to tariff regulations in which government agents have not otherwise been involved have consistently been held 'non-governmental' for purposes of the Fourth Amendment." United States v. Gumerlock, 590 F.2d 794, 799 n. 17 (9th Cir.), cert. denied, Fannon v. United States, 441 U.S. 948 (1979). Therefore, the initial search by the Airborne Express employees did not violate the Fourth Amendment.
 
 
 8
 In Jacobsen, the Supreme Court held that a governmental search and field test of the contents of a bag within a package that had been opened by a private freight carrier did not violate the Fourth Amendment. See id., 466 U.S. at 118-20. Under Gumerlock and Jacobsen, the district court properly denied Drake's motion to suppress.
 
 II
 
 9
 Drake next argues that the district court erred in giving a deliberate ignorance instruction of the type approved in United States v. Jewell, 532 F.2d 697 (9th Cir.) (en banc), cert. denied, 426 U.S. 951 (1976). We review the formulation of jury instructions for abuse of discretion. See United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). There is no contention here that the instruction given misstated the law.
 
 
 10
 A Jewell instruction is properly given where there is evidence of both actual knowledge and deliberate ignorance. See United States v. Sanchez-Robles, 927 F.2d 1070 (9th Cir.1991).[1] The government proceeded here on both theories. When asked whether she knew there were drugs in the box, Drake told a police officer that she "thought something was up, but she wasn't sure." The fact that Drake proceeded to mail the package without pursuing her suspicions is sufficient to raise an inference of deliberate ignorance. Therefore, the district court did not abuse its discretion by including a Jewell instruction.
 
 III
 
 11
 Drake's final argument is that under the circumstances of this case, the district court should have departed below the mandatory minimum sentence prescribed by 21 U.S.C. § 841(b)(1)(A) and the Sentencing Guidelines. Although a district court's discretionary refusal to depart from the guidelines is ordinarily not reviewable on appeal, see United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), where the district court is willing to depart from the guidelines but believes it does not have the authority to depart under the law, we review de novo that legal determination, see id.[2]
 
 
 12
 Drake argues that because this case was removed from state court, the fact that her sentence in state court would likely be much shorter than her sentence here justifies departure.[3] A district judge has no authority to impose a sentence below the statutory minimum. See United States v. Sharp, 883 F.2d 829, 831 (9th Cir.1989) (vacating sentence under 21 U.S.C. § 841(b)(1)(B) which was shorter than statutory minimum); 18 U.S.C. § 3553(e) (court may depart below a statutory minimum sentence only upon motion of government, where defendant provided "substantial assistance" in investigation or prosecution of another individual). Furthermore, there is no requirement that a federal sentence be harmonized with a sentence for a similar crime in state court. See United States v. Meyer, 802 F.2d 348, 352-53 (9th Cir.1986), cert. denied, 484 U.S. 817 (1987).
 
 
 13
 The district court imposed a sentence of 121 months, one month longer than the statutory minimum, and the lower end of the Sentencing Guidelines range (121-151 months). U.S.S.G. §§ 2D1.1(c)(5), 3E1.1. The maximum downward departure under the Sentencing Guidelines that would have been permitted by the statutory minimum was therefore one month. The district judge was aware that he had discretion to depart downward from the guidelines[4] (but not from the statutory minimum) and did not do so. This discretionary decision not to depart downward by one month is not reviewable on appeal. See Morales, 972 F.2d at 1011.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A Jewell instruction is not appropriate where there is no evidence of deliberate ignorance, but only of either actual knowledge or no knowledge at all. See United States v. Garzon, 688 F.2d 607, 609 (9th Cir.1982)
 
 
 [2]
 The district court stated that "[t]his woman [Drake] doesn't belong in prison for ten years for what I understand she did."
 
 
 [3]
 In support of her contention, Drake offers a study of 449 defendants charged with felony possession of cocaine base in California Superior Court between January 1, 1991, and June 30, 1991. Drake argued in the district court that the removal of her case to federal court constituted a violation of procedural due process. She does not pursue that claim here. Moreover, the government's asserted reasons for removing to federal court--that Drake possessed 4-5 times as much cocaine as required by the U.S. Attorney's Office's minimum guideline for federal prosecution and that she was attempting to ship the cocaine in interstate commerce--are sufficient federal interests to justify removal
 
 
 [4]
 The district court stated:
 It isn't a question of departure downward. I could manufacture that cleverly so that it wouldn't be appealable, but the mandatory minimum is there, and I can't do anything to manufacture that. That's Congress.