97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph A. DE MONTE, Defendant-Appellant.
 No. 96-15163.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 25, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph A. De Monte appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 12-year sentence imposed following his guilty plea to conspiracy in violation of 18 U.S.C. § 371 and wire fraud in violation of 18 U.S.C. § 1343. De Monte contends that: (1) he should be sentenced pursuant to the Sentencing Guidelines; (2) his sentence is cruel and unusual; (3) he pled guilty based on his attorney's incorrect advice regarding sentencing; and (4) he is entitled to "good time" credits.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm in part and vacate and remand in part.
 
 
 3
 De Monte contends that because he would receive a lesser sentence under the Sentencing Guidelines, he should be resentenced pursuant to the Guidelines.
 
 
 4
 The Sentencing Guidelines apply only to offenses committed after November 1, 1987 and therefore do not affect a district court's sentencing for offenses committed before that date. See United States v. Scarano, 76 F.3d 1471, 1478 (9th Cir.1996). Because De Monte committed his offenses between 1984 and 1985, the Sentencing Guidelines are not applicable to his case. See id.
 
 
 5
 De Monte contends that his sentence constitutes cruel and unusual punishment because the district court improperly imposed consecutive terms of imprisonment, and his sentence is more severe than that of his co-defendants.
 
 
 6
 For offenses committed prior to the enactment of the Sentencing Guidelines, a district judge has wide discretion in determining what sentence to impose, and if the sentence is within statutory limits it is not subject to review on appeal. See United States v. Miller, 650 F.2d 169, 170 (9th Cir.1980), cert. denied, 454 U.S. 844 (1981). "It is within a district court's discretion to impose disparate sentences on co-defendants." United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986); see Miller, 650 F.2d at 170. Punishment is unconstitutional only if it is grossly disproportionate to the offense. United States v. Feldman, 853 F.2d 648, 664 (9th Cir.1988), cert. denied, 489 U.S. 1030 (1989).
 
 
 7
 Here, the district court sentenced De Monte to three consecutive four-year terms of imprisonment. Because this sentence is within statutory limits, it is not subject to review on appeal. See 18 U.S.C. §§ 371, 1343 (maximum sentence for both wire fraud and conspiracy is five years imprisonment for each count of conviction); Miller, 650 F.2d at 170. Additionally, there is no indication that a review of De Monte's sentence is warranted based on the disparity between his sentence and the sentences his co-defendants received. See Endicott, 803 F.2d at 510. Because De Monte's sentence is below the statutory maximum and there is nothing in the record to support a conclusion that his sentence is grossly disproportionate to his offenses, De Monte's sentence is not cruel and unusual. See Feldman, 853 F.2d at 664; Miller, 650 F.2d at 170.
 
 
 8
 De Monte contends that he would not have pled guilty if his attorney had not advised him that he would be sentenced concurrently and that he would receive good time credits. We construe this as a claim of ineffective assistance of counsel.
 
 
 9
 A successful claim of ineffective assistance of counsel requires that a petitioner show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1994).
 
 
 10
 Here, De Monte has presented no evidence to support his contention that his attorney provided him with incorrect advice regarding sentencing. Because he has not shown that his attorney's performance was deficient, his claim fails. See id.
 
 
 11
 For the reasons stated above, we affirm the district court's dismissal of De Monte's section 2255 motion.[2]
 
 
 12
 De Monte contends that he has earned "good time" credits and that these credits should be deducted from his sentence.
 
 
 13
 If a federal prisoner challenges the manner of execution of his sentence, he must file a section 2241 petition in the district court that has jurisdiction over him or his custodian. 28 U.S.C. § 2241; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).
 
 
 14
 Here, De Monte challenges the manner of execution of his sentence, and his contention is therefore properly addressed in a section 2241 motion. See Dunne, 875 F.2d at 249; see also Ortiz-Sandoval v. Gomez, 81 F.3d 891, 895 n. 2 (9th Cir1996). Because De Monte was incarcerated in the Central District of California at the time he filed his section 2255 motion, the district court lacked jurisdiction over either De Monte or his custodian, the Warden of the Lompoc Federal Prison in Lompoc, California. See Dunne, 875 F.2d at 249. Accordingly, we vacate the district court's judgment regarding De Monte's claim that he is entitled to good time credits and remand with instructions to dismiss his claim for lack of jurisdiction. See United States v. Brown, 610 F.2d 672, 677 (9th Cir.1980).
 
 
 15
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 De Monte also contends that the district judge was prejudiced against him for "ethnic and other reasons." Because he did not raise this issue below, we will not consider it on appeal. See United States v. Beirle, 77 F.3d 1199, 1201 (9th Cir.1996)
 
 
 [2]
 Because we affirm the district court's decision under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal