**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1033
_____

UNITED STATES OF AMERICA

v.

ERIC ZIEGLER,

　　　　　　　　　　　　　Appellant

_____

Appeal from the United States District Court
For the District of New Jersey
(District Court No. 1-17-cr-00287-001)
District Judge: Honorable Joseph H. Rodriguez

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 9, 2018

(Opinion filed: January 4, 2019)

Before: AMBRO, SCIRICA and RENDELL, Circuit Judges

_____

O P I N I ON[*]
_____

**RENDELL,** Circuit Judge:

Appellant, Eric Ziegler, pled guilty to two counts of receiving and possessing child

pornography. For his crimes, he was sentenced to 180 months' imprisonment and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

supervised released for life. He claims that his sentence was procedurally and substantively unreasonable. Finding no error, we will affirm the District Court's order.

I

In early 2015, agents with the Federal Bureau of Investigation discovered an internet account of an individual in Williamsport, New Jersey that was frequenting a known child pornography message board. The agents identified the owner of the account as Appellant, Eric Ziegler. Based on the account activity, the agents obtained a search warrant for Ziegler's house and conducted a search. Ziegler cooperated with the agents conducting the search.

The search yielded a trove of materials containing illicit child pornography. The agents seized 41 computer discs containing approximately 24,986 images of child pornography and 1,167 videos of child pornography. In addition, agents discovered a hidden video recording device in Ziegler's first-floor bathroom. Ziegler apparently used the device to surreptitiously record several of his daughter's friends—all minors between the ages of 8 and 12—while they used the restroom or changed in and out of swim-wear. Ziegler stored these videos on his computer disks. He also took screenshots of these videos which he also stored on his computer disks.

Ziegler pled guilty to a two-count information: one count of receiving images of child pornography over the internet in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1); and one count of knowingly possessing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). This resulted in an agreed-upon offense level of 32,

2

with a corresponding Guidelines range of 121 to 151 months' imprisonment. The Government reserved the right to argue for an upward variance for a sentence totaling up to 180 months' imprisonment; and Ziegler reserved the right to argue for a downward variance for a sentence as low as 96 months' imprisonment.

The Probation Office recommended a much higher Guidelines range in its presentence report. It applied a cross-reference to U.S.S.G. § 2G2.2, which directed the application of more severe penalties for causing a minor to engage in sexually explicit conduct for the purpose of making a video depiction of that conduct. The Probation Office urged that Ziegler's total offense level should be 40, with a corresponding Guidelines range of 292 to 365 months' imprisonment.

At the sentencing hearing, both Ziegler and the Government objected to the presentence report. The District Court sustained the parties' objections and agreed to sentence Ziegler in accordance with the plea agreement. The parties then made arguments for variances as allowed by the agreement. Ziegler urged the Court to grant a downward variance based on his mental condition. Ziegler presented testimony from Dr. Elliott Atkins, who testified that Ziegler suffered from Asperger's syndrome, that this disease made it difficult for him to recognize the harmfulness of his conduct, and that his condition could be improved with treatment. The Government urged the Court to grant an upward variance to 180 months' imprisonment based on Ziegler's creating child pornographic content and the large volume of content that he possessed. At the hearing's

3

end, the District Court imposed a sentence of 180 months' imprisonment followed by a lifetime of supervised release. This appeal followed.

## II

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We also review procedural errors, such as failure to consider factors under 18 U.S.C. § 3553(a), for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

## III

Ziegler raises several claims on appeal: *first*, he argues that the sentence was substantively unreasonable; *second*, he argues that the Court erred procedurally by not considering Dr. Atkins' expert report; and *third*, he argues that the Court erred in granting an upward variance by relying on uncharged conduct and "as punishment for [his] diagnosis of pedophilia," Br. 13.

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), district courts engage in a three-step process when imposing a criminal sentence: (1) calculate the Guidelines range; (2) rule on any motions for departure from the Guidelines range; and (3) consider all relevant factors under § 3553(a) and determine the appropriate sentence. *See Tomko*, 562 F.3d at 567. We review his substantive claim for

"reasonableness," the "touchstone" of which "is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007). Section 3553(a) requires courts to consider: "(1) the nature and circumstance of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to deter future criminal conduct, protect the public, and provide the defendant with necessary training, medical care, or other correctional treatment." *United States v. Loy*, 191 F.3d 360, 370 (3d Cir. 1999) (citing 18 U.S.C. § 3553(a)). Ziegler, as the party challenging the sentence, "has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

We are mindful of several principles while reviewing these claims. First, "[a] sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the *record* makes clear the court took the factors into account in sentencing." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quotations omitted). Second, "[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit." *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006) (quotations omitted). But "the record must show a true, considered exercise of discretion on the part of a district court, including a recognition of, and response to, the parties' non-frivolous arguments." *Id.* "Merely reciting the § 3553(a) factors, saying that counsel's arguments have been considered, and then declaring a sentence, are insufficient to withstand our reasonableness review." *Id.*

5

Here, we find that the District Court gave meaningful consideration all relevant factors under § 3553(a). Far from merely "declaring a sentence," *Jackson*, 467 F.3d at 842, the District Court engaged in a detailed review of its sentence which spanned thirteen pages of the record. *See* SA 60-72. It discussed the three-part process under *Booker*, *see* SA 60, it recited the § 3553(a) factors (while acknowledging that mere recitation is not enough), *see* SA 61, and then proceeded to discuss those factors in further detail. *See* SA 61-72. This discussion included the seriousness of the offense, *see* SA 61, the testimony of Ziegler's family, *see* SA 62, his cooperation with authorities, *see id.*, the harm to the victims, *see* SA 64, the effect of the sentence on deterrence and public safety, *see* SA 67-68, and his prospects for rehabilitation in prison, *see id.*, among other factors. Accordingly, Ziegler has not carried his burden of establishing that the sentence was not "logical and consistent with the factors set forth in section 3553(a)." *United States v. Severino*, 454 F.3d 206, 210 (3d Cir. 2006) (internal quotation omitted).

The Court also gave meaningful consideration to Ziegler's mental condition. Dr. Atkins gave thorough testimony on that issue, answering questions from both parties' counsel and from the Court. *See* SA 4-38. During the hearing, Dr. Atkins testified that "[i]t's not that [persons with Asperger's are] more susceptible to child pornography. Their life becomes more involved with the internet." SA 9. The Court acknowledged the role that medical issues play in child pornography cases. *See* SA 65. However, it found that the record "lack[ed] clear evidence of a direct nexus between defendant's Asperger's and the commission of this crime." SA 66. Given Dr. Atkins' testimony that persons

6

with Asperger's are not "more susceptible to child pornography," the District Court did not abuse its discretion in reaching that conclusion.

Finally, the Court sufficiently explained its decision to grant an upward variance. It did so because the "defendant did secretly record children in his bathroom," which represented a "tremendous breach of trust," and because of "the sheer volume of the recordings and reproductions" in his possession. SA 67. Ziegler argues that the upward variance was unreasonable because it relied on (1) uncharged conduct, specifically Ziegler's role in secretly recording children, and (2) the fact that "[Ziegler] suffers from pedophilia." Br. 13-14. These arguments are unavailing. First, "this court has consistently rejected the argument that only charged conduct may be grounds for a sentencing enhancement." *United States v. Rudolph*, 137 F.3d 173, 177 (3d Cir. 1998); *see also United States v. Baird*, 109 F.3d 856, 863 (3d Cir. 1997) ("[C]onduct not formally charged or not an element of the offense can be considered at sentencing."). Therefore, it was not unreasonable for the District Court to consider Ziegler's surreptitious recordings when granting the upward variance. And second, Ziegler has not carried his burden of establishing that it was unreasonable for the Court to consider his pedophilia. The issue of pedophilia was raised by Ziegler's expert, Dr. Atkins. As Ziegler notes in his brief, the Court questioned Dr. Atkins on this issue, *see* Br. 11-12; SA 32-35, and discussed it in its explanation of the sentence, SA 64. "The history and characteristics of the defendant," however, are proper factors to consider in imposing a sentence. 18 U.S.C. § 3553(a)(1). And Ziegler has not established why this

7

consideration, which is clearly part of his "history and characteristics," was unreasonable. *See, e.g.*, *United States v. Pyles*, 862 F.3d 82, 94 (D.C. Cir. 2017) (affirming the district court's consideration of defendant's pedophilia at sentencing); *United States v. Meyer*, 802 F.2d 348, 352 (9th Cir. 1986) ("[T]he potential harm posed by appellant's pedophilia was a proper subject of the sentencing proceeding.").

Even with the upward variance, Ziegler's sentence (180 months' imprisonment) was still approximately half of what was recommended by the Probation Office (292 to 365 months' imprisonment). And the sentence was well short of the 20 year maximum sentence for receipt of child pornographic materials. *See* 18 U.S.C. § 2252A(b)(1); *see also United States v. King*, 454 F.3d 187, 195 (3d Cir. 2006) (affirming a sentence, in part because "[t]he seventy-two month sentence is still well below the statutory maxima of thirty-five years"). Accordingly, Ziegler has not carried his burden of establishing that the District Court's grant of an upward variance constituted an abuse of discretion.

IV

For the aforementioned reasons, we will affirm the sentencing order of the District Court.