

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# USA v. Severino

Precedential or Non-Precedential: Precedential

Docket No. 05-3695

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Severino" (2006). *2006 Decisions.* Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3695
_____

UNITED STATES OF AMERICA

v.

JAMES J. SEVERINO,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00237)
(District Judge: Honorable Joy Flowers Conti)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 19, 2006

Before: RENDELL and VAN ANTWERPEN, <u>Circuit Judges</u>,
and ACKERMAN, <u>District</u> <u>Judge</u>.[*]

_____

[*]Honorable Harold A. Ackerman, Senior United States
District Judge for the District of New Jersey, sitting by
designation.

(Filed: July 11, 2006)

LISA B. FREELAND
Federal Public Defender
RENEE PIETROPAOLO
Assistant Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222
*Attorneys for Appellant*

MARY BETH BUCHANAN
United States Attorney
LAURA SCHLEICH IRWIN
Assistant United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
*Attorneys for United States*

## OPINION OF THE COURT

ACKERMAN, <u>District</u> <u>Judge</u>.

Defendant James Severino appeals the reasonableness of his sentence on the grounds that the District Court failed to recognize its authority to consider extraordinary acceptance of responsibility as a factor in sentencing. After a careful review of the record, we conclude that the District Court properly

understood its authority and the advisory nature of the Sentencing Guidelines, and that the sentence it imposed was reasonable. We will therefore AFFIRM the judgment of the District Court.

**I.**

To support his heroin addiction, Defendant James Severino robbed several Pittsburgh-area banks in June 2004. Upon his arrest, he immediately gave a written statement confessing to all three bank robberies. On September 15, 2004, a federal grand jury in the Western District of Pennsylvania returned a three-count indictment against Severino, charging three counts of bank robbery in violation of 18 U.S.C. § 2113(a).

At his arraignment before a Magistrate Judge on September 30, 2004, Severino wanted to plead guilty but his attorney apparently convinced him to plead not guilty. After the arraignment hearing, Severino wrote a letter to the District Court stating that he wanted to plead guilty and was upset with his attorney's efforts to prevent a guilty plea in the absence of a plea agreement, and requesting appointment of new counsel. At a hearing on this letter, defense counsel stated that after meeting with his client, Severino agreed to have him continue as counsel, that Severino would plead guilty, and that counsel was negotiating a plea agreement with the Government.

Prior to the plea hearing, Severino again wrote to the court. He informed the court that "all I wanted to do from day one is plead guilty, Go to jail, work in jail and start to pay my restitution (50% of my pay) and hopefully take advantage of a

3

Drug or Educational program offered." (App. at 63-64.) He also stated that "I do not want to waste a single dime more of the government's money on this case than possible" and that "I am guilty and wish to plead guilty and go to jail and start paying my debt." (*Id.* at 64.) Severino pled guilty to all three counts of the indictment without a plea agreement.

Prior to sentencing, and apparently against the advice of counsel, Severino wrote personal letters to the banks and tellers he victimized. In these letters, he took full responsibility for his actions and apologized. At sentencing, the probation officer stated that "[t]his is the first case that I've seen where someone has actually written the tellers their apologies. It is certainly the first case that someone has wanted to plead guilty at the arraignment phase and has pursued pleading guilty as fervently as Mr. Severino has." (App. at 99.) Severino also wrote to the court prior to sentencing. He again expressed his guilt and shame, and discussed his desire to rehabilitate himself. He stated in this letter that "I want to go to the drug program. I want to work to pay back the money I took. I want to take advantage of schooling, any and all opportunities. I don't want to come out of jail not learning anything . . . . I want to learn and have a plan not to come back or be a part of recidivism." (App. at 73.)

The District Court sentenced Severino on June 24, 2005. Under the advisory provisions of the United States Sentencing Guidelines, the District Court found that Severino had a total offense level of 24 and a criminal history category of III, subjecting him to an advisory range of 63-78 months imprisonment. On the basis of "extraordinary acceptance of

4

responsibility," Severino's counsel requested that the District Court impose a sentence below the suggested Guideline range. In his moving papers and at sentencing, counsel appeared to ask that the District Court issue a sentence only 12 months below the minimum suggested Guideline sentence of 63 months.

After hearing argument, the District Court imposed a sentence of 63 months imprisonment on each of the three counts, to run concurrently. In declining to issue a sentence below the minimum sentence under the suggested Guideline range, the District Court referenced this Court's opinion in *United States v. Lieberman*, 971 F.2d 989 (3d Cir. 1992), and recent amendments to the Guidelines regarding downward departures for acceptance of responsibility:

> The problem that I have with that is that in the guidelines – and the *Lieberman* case, I think, is helpful to you here; but I believe it predated the situation where they changed the guidelines and removed a basis for downward departure of anything that had to do with acceptance of responsibility. Looking at the person's use of drugs and all, there are a number of other factors – I think I have the – it's under 5K1.1. That was all removed from there; so when you look at the guidelines, under the guidelines there wouldn't be a basis

5

> for departure from the guidelines,
> based on the factors that you're
> arguing.

(App. at 103.)  After defense counsel noted that the Guideline provision mentioned by the Court was now "an advisory matter," the Court observed that the amendment to the Guidelines "sort of cuts against the applicability of the *Lieberman* case."  (App. at 103.)

In discussing the sentencing factors of 18 U.S.C. § 3553(a), the District Court stated:

> Then you look at the kind of sentences and the sentencing range under the Sentencing Guidelines. When you look at the Sentencing Guidelines, you know, they've already taken into account the three-level reduction for the acceptance of responsibility, and then there's a prohibition in the guidelines from considering any extraordinary acceptance of responsibility.
>
> So when you look at the kinds of sentences in the sentencing range established under the Sentencing Guidelines, those factors, while they're very compelling and I am –

6

> though I have to commend the Defendant for doing what he did, you know, no one else has done it in – at least the probation officer who is here today has never heard of anyone else doing that, and that bodes very well, but that doesn't – you know, for the guidelines, I can't do – I could not depart under the guidelines.

(App. at 106-07.) The court further commented that "I don't know that, considering Section 3553, that there's a basis within there that I can find to depart from the guidelines." Finally, in passing sentence, the District Court stated:

> But when I have to sentence, I have to look at a lot of things; and as much as I have respect for what you've done, that isn't something that I'm going to reduce your sentence for. An acceptance of responsibility is taken into account in the three points in the reduction, so I am going to follow the guidelines.
>
> . . . .
>
> I feel that what will benefit society and benefit you is to stay within the

7

> guidelines, but to go at the very lowest level of the guidelines, which would be 63 months.

(App. at 111.)

The District Court entered its judgment of conviction and sentence on July 5, 2005. This timely appeal followed.[1] We have jurisdiction over the District Court's Order of judgment and conviction pursuant to 28 U.S.C. § 1291. We have jurisdiction to review Severino's sentence pursuant to 18 U.S.C. § 3742(a)(1). *United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

## II.

On appeal, Severino argues that the District Court erred by failing to recognize its authority to issue a sentence below the range suggested by the Guidelines on the basis of his extraordinary acceptance of responsibility. Under the sentencing terminology recently adopted by this Court, such a sentence "not based on a specific Guideline-departure provision" would constitute a "variance," as opposed to a departure. *See United States v. Vampire Nation*, ___ F.3d ___, No. 05-1575, slip op. at 8 n.2 (3d Cir. June 20, 2006) (citing *United States v. Sitting Bear*, 436 F.3d 929, 932-33 (8th Cir. 2006)). Severino also argues that by failing to consider all relevant factors under § 3553(a), the sentence imposed by the District Court was unreasonable.

In *United States v. Booker*, the Supreme Court held that

---

[1] Shortly after filing his appeal, Severino filed a *pro se* motion to modify or reconsider his sentence, a motion which the District Court denied.

the United States Sentencing Guidelines are advisory and that district courts must merely consider the Guidelines in imposing sentences that promote the "sentencing goals" listed in § 3553(a). *Booker*, 543 U.S. 220, 264, 259-60 (2005); *Cooper*, 437 F.3d at 325-26. In *Cooper*, this Court established the contours of our review under *Booker*. The appellant bears the burden to demonstrate that a sentence was unreasonable. *Cooper*, 437 F.3d at 332. "[W]e must first be satisfied that the court exercised its discretion by considering the relevant factors" under § 3553(a). *Id.* at 329. "The record must demonstrate that the trial court gave meaningful consideration to the § 3553(a) factors." *Id.* Those factors include consideration of the applicable Guideline ranges and policy statements. 18 U.S.C. § 3553(a)(4)-(5).

We review deferentially a district court's application of the § 3553(a) factors to the facts of a case, and must ensure only that "'the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'" *Id.* (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir. 2005)). "[I]t is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be unreasonable," but a "within-guidelines sentence is not necessarily reasonable *per se*." *Id.* at 331. In sum, "the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." *Id.* at 332.

## III.

Severino does not ask us to decide, in determining the applicable advisory Guideline range, whether the District Court could have granted a downward departure under U.S.S.G. § 5K2.0(d), which states that "the court may not depart from the applicable guideline range based on . . . (2) The defendant's

acceptance of responsibility for the offense, which may be taken into account only under § 3E1.1 (Acceptance of Responsibility)." U.S.S.G. § 5K2.0(d) (policy statement).[2] Severino contends, however, that based on comments made by the District Court at sentencing, the District Court erred in ruling that the Guidelines prevented her from considering extraordinary acceptance of responsibility in issuing a variance below the Guideline range.

---

[2]We held in *Lieberman* that under the policy statement of then-current § 5K2.0 of the Guidelines, "a sentencing court may depart downward when the circumstances of a case demonstrate a degree of acceptance of responsibility that is substantially in excess of that ordinarily present." *Lieberman*, 971 F.2d at 996. However, since *Lieberman*, the Sentencing Commission, in compliance with Congress's directive in the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003, amended § 5K2.0 specifically to preclude certain departures. Pub. L. No. 108-21, § 401(m), 117 Stat. 650, 675 (2003) (requiring the Sentencing Commission to "promulgate . . . appropriate amendments . . . to ensure that the incidence of downward departures is substantially reduced"). Section 5K2.0(d) states that "the court may not depart from the applicable guideline range based on . . . (2) The defendant's acceptance of responsibility for the offense, which may be taken into account only under § 3E1.1 (Acceptance of Responsibility)." U.S.S.G. § 5K2.0(d) (policy statement).

Here, Severino received the full three-level reduction for acceptance of responsibility under § 3E1.1. While we note that the District Court reasonably questioned the continued vitality of *Lieberman* under § 5K2.0(d)(2), this appeal only requires us to decide whether the District Court understood this provision to mean that it lacked the authority to consider extraordinary acceptance of responsibility in issuing a variance pursuant to the § 3553(a) factors.

This Court has not specifically addressed the ability of sentencing judges post-*Booker* to consider extraordinary acceptance of responsibility in issuing sentence. We agree with the guidance of other courts that after *Booker*, "a guidelines departure prohibition does not preclude the district court from considering that factor when the issue is a variance under *Booker*." *United States v. Gatewood*, 438 F.3d 894, 897 (8th Cir. 2006); *see also, e.g.*, *United States v. Lake*, 419 F.2d 111, 114 (2d Cir. 2005) (commenting that "absent the strictures of the Guidelines, counsel would have had the opportunity to urge consideration of circumstances that were prohibited as grounds for a departure" under § 5K2.0(d)); *United States v. Milne*, 384 F. Supp. 2d 1309, 1312 (E.D. Wis. 2005) (holding that post-*Booker*, "courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under § 3E1.1" because "such conduct bears directly on their character, § 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, § 3553(a)(2)"). Therefore, if the District Court held that it could not consider extraordinary acceptance of responsibility under the sentencing factors of § 3553(a), such error could render Severino's sentence unlawful under 18 U.S.C. § 3742(a)(1) and require reversal. However, we need not consider this issue in this case, because the District Court did not hold that reliance on a Guideline-prohibited factor was impermissible. Our thorough review of the record demonstrates to us that the District Court understood its authority to consider extraordinary acceptance of responsibility post-*Booker* but merely exercised its discretion not to reduce its sentence below the suggested Guideline range on that basis.

This Court's review of the entire record reveals that the District Court well understood the advisory nature of the Guidelines and its duty to consider the Guidelines and other factors pursuant to the sentencing goals outlined in § 3553(a). Prior to sentencing, the District Court issued tentative findings

11

which recognized that the Guidelines are advisory, that it must sentence defendants in accordance with the § 3553(a) factors, and that it must consider the Guidelines but not be bound by them. (App. at 75-76.)[3] The District Court reiterated these

---

[3]In its tentative findings, the District Court stated:

> In light of the United States Supreme Court's holding in United States v. Booker, 543 U.S. __ (2004) [*sic*], the United States Sentencing Guidelines are advisory and no longer mandatory in the federal courts. The court is directed to sentence criminal defendants in accordance with the factors set forth in 18 U.S.C. § 3553(a). One of the factors enumerated in section 3553(a) that the court is required to consider is "the kinds of sentence and the sentencing range established for under the United States Sentencing Guidelines." 18 U.S.C. § 3553(a)(4). In fact, the United States Supreme Court stated that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Booker, 543 U.S. at ___. Accordingly, the court's tentative findings reflect the advisory Guidelines range for defendant's offense as set forth by the United States Sentencing

12

understandings at sentencing. (App. at 83.) At sentencing, the District Court calculated and considered the applicable Guideline range, as required under § 3553(a)(4) and directed by *Booker* and *Cooper*. *Booker*, 543 U.S. at 264; *Cooper*, 437 F.3d at 330. In considering Severino's motion for a variance, the District Court first properly consulted the Guidelines and reasonably concluded that § 5K2.0(d) prohibited a downward departure under the Guidelines based on extraordinary acceptance of responsibility. The court never stated that it lacked authority otherwise to consider this factor, only that the Guidelines themselves do not allow departure on that basis.

After making these Guideline determinations, the District Court proceeded to an express consideration of the sentencing factors under § 3553(a). (App. at 104-07.)[4] The District Court

> Guidelines. At the time of sentencing, the court will impose the defendant's sentence in consideration of all of the factors set forth under section 3553(a).

(App. at 75-76.)

[4]The District Court specifically discussed each of the § 3553(a) factors, including "the nature and characteristics of the offense and the history and characteristics of the Defendant" (App. at 104); "secondly, the need for the sentence imposed . . . to reflect the seriousness of the offense to promote respect for the law and to provide just punishment for the offense" (*id.* at 105); "to protect the public from further crimes of the Defendant" (*id.*); "to provide the Defendant with needed educational training, needed medical care, or other correctional treatment in the most effective manner" (*id.* at 106); "the kind of sentences involved" (*id.*); "the kinds of sentences and the sentencing range established under the Guidelines" (*id.*); "any pertinent policy statement issued by the Sentencing

deliberately addressed each factor and arguments pursuant to each factor. The court's discussion demonstrates that it went beyond a "rote statement" of the factors and "gave meaningful consideration to the § 3553(a) factors." *Id.* at 329. In specifically addressing § 3553(a)(4), the District Court noted that the Guidelines take acceptance of responsibility into account in allowing for a three-level reduction and that the Guidelines prohibit any further reduction. The District Court clearly cabined this discussion to § 3553(a)(4)'s requirement that courts consider "the kind of sentences in the sentencing range established by under the Sentencing Guidelines." (App. at 106.) Under this rubric, the court concluded that while "compelling," the court "could not depart *under the guidelines*." (*Id.* at 107 (emphasis added).)

After reviewing the § 3553(a) factors, the court acknowledged that "I don't know that, considering Section 3553, that there's a basis within there that I can find to depart from the Guidelines, even though I'm . . . impressed with what the Defendant has done." (App. at 107-08.) Severino suggests that this statement shows that the court concluded that the Guidelines denied it authority to issue a sentence lower than the suggested Guideline range. However, the court's consideration of the § 3553(a) factors demonstrates to this Court that the District Court weighed all the relevant factors but determined that Severino's acceptance of responsibility, while "impressive," did not warrant a variance below the advisory Guideline range.

Any doubt as to the District Court's understanding of its authority to issue a sentence outside the Guideline range, and its

Commission" (*id.* at 107); "the need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty of similar conduct" (*id.*); and "the need to provide restitution to the victims of any of the offenses" (*id.*).

conscious decision to not do so and instead accept the advice of the Guidelines, may be erased by examining the court's final comments before passing sentence. The court fully acknowledged and expressed its "respect" for Severino's "remorse" and his efforts to accept responsibility (App. at 110-11), but then found that such acceptance "isn't something that I'm going to reduce your sentence for" (*id.* at 111). Noting that the Guidelines take acceptance of responsibility into account, the court elected to follow the advice of the Guidelines. The court concluded that the result that would "benefit society and benefit [Severino] is to stay within the guidelines, but to go at the very lowest level of the guidelines, which would be 63 months." (*Id.*)

The District Court's statement that Severino's impressive acceptance of responsibility "isn't something that I'm going to reduce your sentence for" clearly implies to this Court that the District Court understood that it *could* reduce sentence on that basis, but that it chose not to do so based upon its consideration of the § 3553(a) factors, including consultation of the Guidelines under § 3553(a)(4). The District Court reinforced this understanding by stating that it chose "to stay within the guidelines." This statement reflects that the District Court knew it could issue a sentence outside the range suggested by the Guidelines, but that its consideration of the § 3553(a) factors and the circumstances of the case yielded the conclusion that society and Severino himself would best benefit from a sentence within the range recommended by the Guidelines.

Severino argues that the court erred by "restrict[ing] consideration of 'acceptance-related' factors to its calculation of the advisory guideline range under § 3553(a)(4)" (Def.'s Br. 30), and that had the court understood its authority, "it would have included [acceptance-based] circumstances in its methodical recitation of the § 3553 factors (somewhere aside from within the narrow confines of § 3553(a)(4))" (Def.'s Reply

15

Br. 6). However, just because the District Court did not explicitly mention acceptance of responsibility with regard to any other § 3553(a) factor does not mean that the District Court did not understand its ability to weigh such concerns under other factors. Rather, the District Court simply decided, in its discretion, that the Guidelines were persuasive on this issue and it did not believe that a lower sentence on the basis urged by Severino was warranted. While the Guidelines are no longer mandatory post-*Booker*, they still must be consulted and "provide a natural starting point for the determination of the appropriate level of punishment for criminal conduct." *Cooper*, 437 F.3d at 331. Furthermore, district judges are not required "to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory." *Cooper*, 437 F.3d at 329. Therefore, absent an express statement or other evidence to the contrary, we will not find a sentence unlawful merely because a sentencing court has not indicated that the Guidelines are advisory. The District Court here started with the Guidelines, while recognizing that they were not binding, and evidently concluded that they adequately accounted for the level of acceptance of responsibility displayed in this case.

Severino suggests that the District Court had not only the authority but the "obligation . . . to sentence below the guidelines range on the basis of acceptance of responsibility simply by properly applying Booker's § 3553(a) analysis." (Def.'s Br. 33.) To the contrary, *Booker* enhanced judicial discretion in sentencing rather than restricting it. *See Vampire Nation*, __ F.3d at __, slip op. at 9 (commenting that "[w]hat has changed post-*Booker*, is that sentencing is a discretionary exercise"). We review the application of the § 3553(a) factors deferentially, requiring only that the sentence be imposed for logical reasons consistent with the broad goals of § 3553(a). *Cooper*, 473 F.3d at 330. The District Court indeed could have stated its reasoning with greater precision, but this Court

16

recognized in *Cooper* that district judges issue sentencing decisions from the bench in "spontaneous remarks" that are "unlikely to be a perfect or complete statement of all of the surrounding law." *Cooper*, 437 F.3d at 330 n.8 (quotation omitted). Isolating certain statements of the court to suggest that the court somehow felt obligated to follow the Guidelines ignores the context of those statements.

## IV.

The District Court gave meaningful consideration to the § 3553(a) factors, and it reasonably imposed a sentence at the low end of the suggested Guidelines range for logical reasons consistent with those factors and the circumstances of this case. *Cooper*, 437 F.3d at 330. Severino has not met his burden to show otherwise. We conclude that the District Court's sentence was reasonable under *Booker*, and we therefore will AFFIRM.