

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2007

# USA v. Durkin

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2742

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Durkin" (2007). *2007 Decisions.* Paper 624.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/624

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2742
_____


UNITED STATES OF AMERICA

v.

WILLIAM DURKIN,

Appellant


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 05-cr-00637)
District Judge: Honorable Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
on July 12, 2007

Before:  RENDELL, AMBRO, and NYGAARD, <u>Circuit Judges</u>.

(Filed: August 3, 2007)


_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

William Durkin appeals from the sentence entered against him by the United

States District Court for the Eastern District of Pennsylvania, following his conviction on

bank robbery charges.  We have jurisdiction over Durkin's appeal pursuant to 28 U.S.C. §

1291 and 18 U.S.C. § 3742.  We will affirm the District Court's sentencing order.

**I.**

On November 5, 2005, Durkin was indicted in the Eastern District of Pennsylvania

on one count of bank robbery and one count of attempted bank robbery and, on January

25, 2006, he pled guilty.

At sentencing, on May 3, 2006, the District Court determined Durkin's offense

level to be 29, his criminal history level to be VI and, consequently, his Guidelines range

to be 151-188 months.  Durkin did not object to the Guidelines calculation and did not

move for a downward departure.  Instead, in his sentencing memorandum and at his

sentencing hearing, Durkin asked the Court to vary from the Guidelines range and impose

a 120 month sentence due to mitigating circumstances, such as his problems with drug

and alcohol addiction, his close relationship with his daughter, his acceptance of

responsibility and his positive job prospects.

The District Court rejected these arguments and sentenced Durkin to 151 months,

the bottom of the Guidelines range.  In doing so, the Court said:

> All right, I recognize that, although sentencing
> guidelines are no longer mandatory, I must consider them in
> connection with all the factors set forth in 18 USC 3553-A.

2

Accordingly, I must determine what the applicable – arguably applicable guideline ranges, and consider the applicable policy statements. After that I must determine the facts appropriate for imposing a reasonable sentence that is either a guideline sentence or a non-guideline sentence . . .

. . . .

All right, Mr. Durkin, when you have a situation like this, it calls for many minds to figure out what is an appropriate sentence. And as [Assistant United States Attorney] Wzorek so well pointed out, the guidelines are such that this is a studied suggestions, a suggestions of people who have taken into consideration many, many factors, one of which is your prior history. And I – it is up to me to take into consideration to see whether or not there are any additional considerations that have not been encompassed in the joint considerations of the guidelines. And when I look at the factors that I am to consider besides the factors that were in the guidelines, there's no issue about the seriousness of the offense and the effect it had on the victims.

I think that an adequate deterrence would be either 120 months or 155 months or 188 months. But the seriousness of the offense – the offenses is such that within those guidelines I might have, not knowing a little bit about you, have tended to go to the top end of the guidelines.

Your adequate deterrence and the adequate deterrence of the public, and the message that my sentence will send out is accomplished by the guidelines, and I guess, to some degree, it's accomplished by 120 month deterrence. But with your history, despite the fact that you have been – the fact that you – a lot of this may have been attributed to your alcoholism, there's a real need in this case to protect the public. I can't allow you out, even though you feel very sorry, and I'm sure you felt very sorry with every other sentence that was imposed you, that you weren't going to do this again.

3

> We cannot have people who are robbing banks, who are terrorizing terror – tellers. We can't do it, and it's not at all unreasonable to say that if you've done it before you – and you have violated twice by having prior felonies that are significant, that you are now a career offender. And I think that 155 to 188 months is a very appropriate sentence under those circumstances.
>
> I have no – I'm giving no consideration to vocational training. I have no question about the fact that you are a union carpenter, you're going to be able to earn a living. So this is not an issue at all.
>
> The question becomes to me where within those guidelines I should sentence you. And for that reason I am going to take into consideration your attempts at rehabilitation. I will take into consideration your problems that you've had with alcohol, and you're very, very strong efforts to overcome them. I am going to take into consideration your devotion to your daughter, which I consider very important. And I will sentence at the bottom of the guidelines, but I will sentence you within the guidelines.

Appx. at 49, 59 (emphasis added).

Durkin argues that two aspects of the District Court's ruling are error and require remand. We "review factual findings relevant to the Guidelines for clear error and . . . exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).

## II.

First, Durkin argues that the District Court "failed to recognize its statutory mandate to impose a sentence minimally sufficient to comply with the purposes of sentencing, instead imposing what it deemed a 'reasonable' sentence." Brief for

4

Appellant at 9. In Durkin's view, when the District Court said, "I must determine the facts appropriate for imposing a reasonable sentence that is either a guideline sentence or a non-guideline sentence," it betrayed its mistaken intention to treat our appellate standard of review – "reasonableness" – as a "rule of decision" governing the type of sentence it could impose. This, in Durkin's view, was error.

Second, Durkin argues that the District Court "failed to appreciate the breadth of its authority to vary from the Guidelines, viewing itself bound by a Guidelines departure 'heartland' analysis." Brief for Appellant at 9. Here, Durkin points to our decision in *United States v. Severino*, where we said that "after *Booker*, a guidelines departure prohibition does not preclude the district court from considering that factor when the issue is a variance under *Booker*."[1] 454 F.3d 206, 211 (3d Cir. 2006). In Durkin's view, the District Court incorrectly viewed its inability to depart downward from the Guidelines range, under criteria governed by the Guidelines, as a restraint on its ability to rely on that same criteria when considering whether to "vary" from the Guidelines. Specifically, Durkin argues that by saying "it is up to me to take into consideration to see whether or not there are any additional considerations that have not been encompassed in the joint considerations of the guidelines," the District Court erroneously believed that it could

---

[1]*Severino* dealt with acceptance of responsibility and, in that context, we said: "Therefore, if the District Court held that it could not consider extraordinary acceptance of responsibility under the sentencing factors of § 3553(a), such error could render Severino's sentence unlawful under 18 U.S.C. § 3742(a)(1) and require reversal." *Severino*, 454 F.3d at 211.

only look to non-Guidelines-contemplated factors when determining whether to award Durkin a below-Guidelines sentence.

We find both arguments lacking in merit.

With respect to Durkin's first argument, we reject the idea that the District Court's use of one word – "reasonableness" – reflects a misunderstanding of 18 U.S.C. § 3553(a). Just as "a rote statement of the § 3553(a) factors should not suffice" to automatically validate a district court's sentence, *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), nor should the inclusion of a commonly used English word automatically *invalidate* it. As the Supreme Court recently emphasized, appellate courts should refrain from nit-picking the semantic choices of a sentencing court. "The law leaves much, in this respect, to the judge's own professional judgment." *Rita v. United States*, 551 U.S. __, 127 S. Ct. 2456, 2468 (2007). Here, we see neither an error of judgment, nor of law, in the District Court's choice of words.

We are also unpersuaded by Durkin's second argument, which, like his first one, traffics more in form than in substance. Indeed, we read the statement of which Durkin complains – "it is up to me to take into consideration to see whether or not there are any additional considerations that have not been encompassed in the joint considerations of the guidelines" – to reflect exactly the sort of consideration that the Supreme Court has previously demanded. As we have said, "[i]n *Booker,* the Court explicitly directed district courts to continue to 'take account of the Guidelines together with other sentencing goals.'" *Cooper*, 437 F.3d at 331 (quoting *United States v. Booker*, 543 U.S.

6

220, 259 (2005)).  Here, the District Court clearly indicated that it was looking to the Guidelines "as well as any additional considerations."  In our view, this reflects the District Court's decision to take into account § 3553(a)(4), the provision governing the Guidelines, as well as sections (a)(1), (2), (3), (5), (6) and (7).  Indeed, as is clear from the District Court's ruling, it considered "deterrence," "the seriousness of the offense," Durkin's "prior history," his "problems with alcohol" and his "devotion to [his] daughter."  This is exactly the sort of process required by § 3553(a) and, therefore, was not error.

## III.

For these reasons, we will AFFIRM the Judgment and Commitment Order of the District Court.

_____