

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# USA v. Wade Pine

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1840

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wade Pine" (2009). *2009 Decisions.* Paper 1648.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1648

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1840
_____

UNITED STATES OF AMERICA

v.

WADE RANDALL PINE,
                                        Appellant.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-176)
(District Judge: Christopher C. Conner)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 6, 2009

Before: BARRY and GREENBERG, Circuit Judges,
and ACKERMAN, Senior District Judge.[*]

(Filed: March 30, 2009)

_____

[*]Honorable Harold A. Ackerman, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

_____

OPINION OF THE COURT

_____

ACKERMAN, <u>Senior District Judge</u>.

Defendant Wade Randall Pine appeals his 78-month sentence for possession of child pornography on the basis that the District Court failed to give sufficient consideration to his history of mental illness and his need for correctional treatment. In balancing the statutory sentencing factors under 18 U.S.C. § 3553(a), the District Court provided a thoughtful and detailed explanation for Pine's sentence, which properly took into account Defendant's psychological condition and need for appropriate treatment. We will affirm.

On August 27, 2007, Pine pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). At sentencing, Defendant did not object to the guideline calculations contained in the presentence investigation report (PSR) and did not move for a downward departure. The PSR recommended a total offense level of 28 with a criminal history category of I, yielding an advisory guideline range of 78 to 97 months. The District Court adopted the PSR's guideline calculation and, after considering the sentencing factors set forth in 18 U.S.C. § 3553(a), declined Defendant's request for a downward variance and sentenced Pine to 78 months in prison, to be followed by a 10-year term of supervised release. Additionally, the District Court imposed a $500 fine and a $100 special assessment.

2

In appealing the sentence, Defendant only contests the District Court's balancing of the § 3553(a) factors, arguing that the District Court failed to properly account for defense testimony regarding Defendant's history of mental illness, his need for individualized counseling, and the assessment of a defense psychiatrist that Defendant was unlikely to physically approach someone in a predatory manner. The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006) (citations omitted).

This Court reviews the reasonableness of the District Court's sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Lloyd*, 469 F.3d at 321. In order for this Court to find the District Court's sentence reasonable, this Court must find that the District Court "gave meaningful consideration" to the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). The District Court "need not discuss every argument made by a litigant," nor must it make express findings for each of the § 3553(a) factors, so long as "the record makes clear the court took [them] into account in sentencing." *Smith*, 445 F.3d at 716 (quoting *Cooper*, 437 F.3d at 329); *see also United States v. Goff*, 501 F.3d 250, 255 (3d Cir. 2007).

Section 3553(a) requires the District Court to consider, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

3

(2) the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a). In this case, the record establishes that the District Court gave meaningful consideration to the sentencing factors and propounded a reasonable sentence.

The District Court properly assessed the seriousness of the offense, noting that Defendant possessed more than three thousand images of child pornography, many of which included sexually explicit images of prepubescent children. (App. at 114.) On the basis of Defendant's unsworn statements at the sentencing hearing that he viewed child pornography as a "collector's item" and that he was a victim of internet pop-up advertisements (App. 83–84), the court concluded that Defendant "does not appreciate and has no real sense of remorse that this child pornography involves the sexual exploitation of children." (App. 116.) The court also noted that Defendant had been gainfully employed for the past twenty years, that he had no prior criminal history, and that he "has lived in a very controlled environment his entire life" with "overprotective" parents. (App. 116–17.) Nevertheless, "the sheer volume of child pornography possessed" convinced the District Court that Pine posed "a clear risk to the community and a likelihood of recidivism." (App. 117–18.) Accordingly, the District Court

4

concluded that "a sentence at the low end of the guideline range is appropriate and necessary to achieve the objectives set forth in [§ 3553(a)] without being greater than necessary to achieve those objectives." (App. 118.) The period of supervised release, the court further noted, "will allow for the monitoring of Mr. Pine's conduct and help protect the community." (*Id.*)

With regard to Defendant's need for correctional treatment, the District Court acknowledged that Pine had been diagnosed as suffering from "severe depression" and "suicidal ideation." (App. 117.) Although Pine continued to undergo counseling, the court noted that "his prognosis for improvement is guarded." (*Id.*) The District Court ultimately determined that Defendant "[was] in need of intense psychiatric treatment, which can be provided at specialized programs and facilities offered by the Bureau of Prisons." (App. 118.)

Defendant argues that the District Court failed to properly consider the sentencing testimony of Dr. John Hume, a psychiatrist who opined that Defendant was not a risk of becoming a child predator and that Defendant would be vulnerable to mistreatment in prison. These "unique" circumstances, Defendant argues, warrant a downward variance.[1]

---

[1]Although Defendant requests a "downward departure," he does not base his argument on a specific guideline provision or the District Court's calculation of his total offense level under the U.S. Sentencing Guidelines. This Court has recognized that such arguments, attacking the District Court's exercise of discretion in balancing the § 3553(a) factors to determine an appropriate sentence, are requests for a variance, not departure. *See, e.g.*, *United States v. Severino*, 454 F.3d 206, 209 (3d Cir. 2006).

Defendant also suggests that the District Court did not sufficiently focus on his history of mental illness and his need for correctional treatment, given that § 3553(a)(2)(D) counsels sentencing courts to weigh the need "to provide the defendant with . . . medical care, or other correctional treatment." Neither contention demonstrates that the District Court abused its discretion.

Defendant cannot show that the District Court failed to give meaningful consideration to the § 3553(a) factors. Although it did not specifically address Dr. Hume's testimony, the District Court did give ample consideration to Defendant's unique psychological condition and his need for continuing therapy. The court acknowledged the negative impact of Defendant's overprotective parents, his clinical depression, and the grim prognosis for recovery. The court further determined that Defendant needed continuing psychiatric treatment and deemed the federal Bureau of Prisons capable of providing that treatment. Just because the defense psychiatrist prescribes that Defendant receive continuing treatment in a non-prison environment, that fact does not oblige the District Court to accept this conclusion.[2] Indeed, most defendants convicted of crimes would prefer therapy to prison, if given their druthers.

Furthermore, Dr. Hume's testimony regarding Defendant's non-predatory nature borders on the irrelevant. Defendant's implicit argument that possession of child

---

[2]This is especially true where the defense psychiatrist bases his recommendation without knowledge of the sex offender treatment programs provided by the Federal Bureau of Prisons. (*Cf.* App. 68.)

pornography is a lesser crime than more direct forms of sexual abuse has no bearing on the District Court's assessment of the seriousness of Pine's crime—possessing more than 3,000 images of child pornography— and the need for the sentence to deter Pine and others from committing the same. *Cf. Goff*, 501 F.3d at 259 (noting that the defendant's lack of a propensity to molest children "is, in one sense, irrelevant" to the District Court's assessment of the seriousness of the crime of possessing child pornography). The court recognized that Defendant possessed a substantial volume of child pornography and determined, based on its evaluation of the record and Pine's statements at the hearing, that Pine was likely to continue collecting child pornography in the future. In light of this record, we cannot say that the District Court's sentence was unreasonable.

Defendant would have this Court apply the imprecise calculus of § 3553(a) as a rigid mathematical formula that requires the District Court to "show its work" on each sub-factor. Yet, we have never read the sentencing factors to impose such a burden. *See, e.g.*, *Smith*, 445 F.3d at 716 (quoting *Cooper*, 437 F.3d at 329). The record clearly establishes that the District Court gave meaningful consideration to Defendant's unique characteristics, offense history, and the need for the sentence to reflect the seriousness of the offense, deter future misconduct, and provide Defendant with continuing psychological treatment. There was no error here. We will affirm.