NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1542
_____

UNITED STATES OF AMERICA

v.

ERIC S. ANDERSON,

Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-11-cr-00030-001)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2012

Before:  FUENTES, FISHER and COWEN, *Circuit Judges*.

(Filed: October 25,2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Eric Anderson appeals from his judgment of sentence in the District of Delaware,

challenging its procedural reasonableness.  We will affirm.

**I.**

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Anderson was indicted on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Anderson moved to suppress the firearm. The District Court held a suppression hearing, and denied Anderson's "colorable motion" by order and opinion. Joint App. II at 69. At Anderson's change of plea hearing, the District Court accepted his plea agreement and his guilty plea.

The presentence report identified a base offense level of twenty. Incorporating the terms of the plea agreement, the presentence report provided for a two-level reduction for affirmative acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), but did not provide for an additional one-level reduction for timely acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The resulting total offense level of eighteen, combined with a criminal history category of four, yielded a Guidelines range of forty-one to fifty-one months imprisonment. Anderson did not object to the presentence report.

However, Anderson did submit a sentencing memorandum in which he argued for a downward variance based on his remorse and his loss of the third reduction point for

acceptance of responsibility due to his filing of the colorable motion to suppress.[1] Anderson claimed that he was entitled to a below-Guidelines sentence of thirty-six months imprisonment. The Government submitted a response letter arguing for a within-Guidelines sentence of forty-eight months imprisonment.

At the sentencing hearing, the District Court first adopted the presentence report's Guidelines calculation without objection. Anderson then briefly referenced his loss of the third reduction point for acceptance of responsibility based on his filing of the colorable motion to suppress. The District Court responded that it was "not sure that should factor into the calculus as to what ultimately the appropriate sentence is." Joint App. II at 69. Anderson next argued at length about his remorse. The District Court rejected Anderson's request for a downward variance, and sentenced him to a within-Guidelines term of forty-eight months imprisonment. Anderson timely appealed.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this sentencing appeal pursuant to 18 U.S.C. § 3742 and 28

---

[1] Anderson correctly labels his request as a downward variance rather than as a downward departure. *See United States v. Tomko*, 562 F.3d 558, 562 n.3 (3d Cir. 2009) (*en banc*) ("[S]entencing departures . . . are based on specific Guidelines provisions, and sentencing variances . . . are based on the § 3553(a) factors."). Although Anderson requested a sentence at the bottom of the Guidelines range that would have applied had he received the full three-level reduction for acceptance of responsibility, he "d[id] not object to the Guideline calculations." Joint App. II at 53. Instead, Anderson "request[ed] a sentence below the advisory guideline range . . . [in] compl[iance] with the statutory directives set forth in 18 U.S.C. § 3553(a)." *Id.* at 49.

U.S.C. § 1291.  We review a district court's sentencing decision "to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way."  *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).  We employ an abuse of discretion standard, *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)), reversing when a district court based its sentencing decision "on a clearly erroneous factual conclusion or an erroneous legal conclusion."  *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).  The appellant bears the burden of demonstrating unreasonableness.  *Tomko*, 562 F.3d at 567.

### III.

On appeal, Anderson argues only that his sentence was procedurally unreasonable, contending that the District Court erred by questioning its authority to grant a downward variance based on his remorse and his loss of the third reduction point for acceptance of responsibility due to his filing of the colorable motion to suppress.[2]  In support of his claim, Anderson points only to the District Court's statement at his sentencing hearing that it was "not sure [his loss of the third reduction point for acceptance of responsibility based on his filing of the colorable motion to suppress] should factor into the calculus as to what ultimately the appropriate sentence is."  Joint App. II at 69.  We find that the District Court was aware of its authority to grant Anderson a downward variance for his

---

[2] Although the plea agreement includes an appellate waiver, the waiver does not bar an appeal related to sentencing.

4

acceptance of responsibility, exercised its discretion not to do so, and imposed a procedurally reasonable sentence.

A district court commits "significant procedural error" by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Tomko*, 562 F.3d at 567 (quoting *Gall*, 552 U.S. at 51). We analyze a claim that a district court failed to recognize its authority to consider acceptance of responsibility as a sentencing factor as a claim that it committed significant procedural error by treating the Guidelines as mandatory. *See generally United States v. Severino*, 454 F.3d 206, 210-14 (3d Cir. 2006). We do not require a district court "to routinely state by rote that . . . [it] know[s] the sentencing guidelines are now advisory." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). We review the entire record, *Severino*, 454 F.3d at 211, rather than isolated statements, *id.* at 214, to determine whether a district court believed that it was bound by the Guidelines. Here, the District Court understood the advisory nature of the Guidelines. At the change of plea hearing, the District Court explained to Anderson that it was "not required to follow" "the Guideline advice . . . about a sentence," Gov't App. at 18, and that it "retain[ed] the discretion . . . to sentence [him] . . . less severely than advised by the Guidelines." *Id.* at 19. Similarly, at the sentencing hearing, the District Court recognized that the Guidelines

were only one of "a number of factors that direct[ed] the exercise of [its] discretion in sentencing." Joint App. II at 86. Notwithstanding the single ambiguous sentence Anderson highlights, we find that the record as a whole amply demonstrates that the District Court did not treat the Guidelines as mandatory. *See Severino*, 454 F.3d at 214 (recognizing that "district judges issue sentencing decisions from the bench in 'spontaneous remarks' that are 'unlikely to be a perfect or complete statement of all of the surrounding law.'") (quoting *Cooper*, 437 F.3d at 330 n.8). Thus, we conclude that Anderson has not met his burden of demonstrating procedural error.

**IV.**

For the reasons set forth above, we will affirm the District Court's sentence.