NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1100
_____

UNITED STATES OF AMERICA

v.

ALEX FERGUSON,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-10-cr-00464-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: February 14, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

A jury convicted Alex Ferguson of being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1), based upon a charge arising from an armed robbery

that occurred in the early morning of September 16, 2006 and subsequent police

investigation.  At the January 6, 2012 sentencing hearing, the District Court calculated a

Guidelines range of 77 to 96 months of imprisonment based upon a total offense level of 24 and criminal history category of IV, rejected Ferguson's motion for a downward variance, and sentenced Ferguson to a within-Guidelines term of 77 months' imprisonment. Ferguson timely appeals his sentence as procedurally unreasonable; he does not challenge the substantive reasonableness of his sentence. Because Ferguson does not meet his burden of demonstrating that any procedural error occurred, we will affirm the District Court's judgment of sentence.[1]

Ferguson first contends that the District Court committed procedural error by failing to respond to two of his arguments in support of a downward variance under 18 U.S.C. § 3553(a). The core of Ferguson's two arguments focused on his circumstances and conduct during the five years post-dating his crime, namely: (1) his good behavior, as evidenced specifically by his ability to hold employment and by his supportive family, and notwithstanding his conceded drug addiction during that time; and (2) the time he spent in state incarceration for violating the terms of his parole and under pretrial house arrest as a condition of bail in this case. We find no procedural error, however, because the record demonstrates that the District Court implicitly considered and rejected Ferguson's arguments in its careful discussion of the § 3553(a) factors and reasons for imposing a within-Guidelines sentence. *See United States v. Goff*, 501 F.3d 250, 256

---

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction over this sentencing appeal pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a sentencing court's decision for procedural reasonableness under an abuse of discretion standard. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The party challenging the sentence bears the burden of demonstrating unreasonableness. *Id*.

n.10 (3d Cir. 2007) (recognizing that a district court need not "explicitly rule on every argument that may be advanced, if other aspects of the sentencing decision make a ruling implicit"); *cf. United States v. Merced*, 603 F.3d 203, 224 (3d Cir. 2010) ("If there was some indication in the record that the District Court had considered the [defendant's argument], we might overlook its failure to explicitly analyze that factor at length, on the record, at the hearing.").

As part of its thoughtful exposition of the § 3553(a) factors and its reasons for the sentence imposed, the Court particularly addressed how the seriousness of the offense and certain of Ferguson's qualities and circumstances predominated its assessment, countervailing the considerations that Ferguson presented. The District Court specifically noted Ferguson's prior criminal history, and how his criminal offenses occurred within a short time span, escalated in severity, and crescendoed with his crime of conviction which, unlike his prior drug- and theft-related offenses, involved a firearm and violence. Additionally, the Court cited Ferguson's substance abuse problems, which pre- and post-dated his crime of conviction. The Court noted both that the "mix [of] drugs and guns in [Ferguson's] life" will lead to "terrible consequences . . . [and] unpredictable consequences," J.A. 60, and that "as long as you have a drug problem, it is unlikely that rehabilitation is going to follow," *id.* at 62. The District Court also explained, "I look[ed] for some characteristic in your history and characteristic of your background . . . ." *Id.* However, the Court concluded, "I don't really find much that is encouraging." *Id.*

3

Additionally, the Court expressly reflected on Ferguson's positive qualities. The Court considered Ferguson's family circumstances, explicitly noting his family members' testimonial statements expressing their support. *Id.* Furthermore, the Court explicitly commented on the age of the case in light of the five years that had passed since the crime:

> Because a case is old does not mean that it should not be prosecuted and justice should not be done. I, however, appreciate that there are circumstances here that indicate that you should be sentenced at the low end of the guidelines because that would be sufficient, but not greater than necessary to satisfy the objectives of the guidelines.

*Id.* at 61. We understand this commentary to reflect the Court's consideration of Ferguson's arguments concerning his post-crime circumstances. Indeed, the Court attributed its decision to impose the lowest sentence in the Guidelines range to its consideration of such circumstances. Because the District Court's discourse on the whole demonstrates that the Court gave meaningful consideration to the § 3553(a) factors, including Ferguson's arguments in support of a downward variance, we discern no procedural errors.

Ferguson next urges that his sentence was procedurally unreasonable because the District Court made isolated comments suggesting that it treated the Guidelines as mandatory and thereby failed to exercise its independent judgment. This argument is without merit. It is not compulsory for "district judges to routinely state by rote that . . . they know the sentencing guidelines are now advisory." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). In determining whether the District Court regarded the

4

Guidelines as advisory, we examine the entire record in context, not just isolated statements. *United States v. Severino*, 454 F.3d 206, 210-14 (3d Cir. 2006). The District Court demonstrated awareness that the Guidelines only have advisory force when it referred to the Guidelines range as "suggested" in denying Ferguson's request for a downward variance. J.A. 60. This awareness is further confirmed by the Court's careful discussion of the § 3553(a) factors and reasons for imposing the sentence, which demonstrate the Court's meaningful consideration and exercise of independent judgment in concluding that a sentence lower than the Guidelines range was not warranted and that the Guidelines adequately accounted for the circumstances of Ferguson's case. Thus, the proceedings as a whole reflect that the District Court understood the advisory nature of the Guidelines and simply elected in its discretion to apply them to this case. *See Rita v. United States*, 551 U.S. 338, 357 (2007) ("Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.").

Accordingly, because none of Ferguson's claims of error render the sentence procedurally unreasonable, we will affirm the District Court's sentence.