NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1018
_____

UNITED STATES OF AMERICA

v.

JONATHAN BOYD,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-11-cr-00686-001)
District Judge: Honorable Noel L. Hillman

_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2013

Before: AMBRO, FISHER, and HARDIMAN, Circuit Judges

(Opinion filed: October 3, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Jonathan Boyd pled guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and was sentenced to 132 months' imprisonment. He now appeals his sentence.[1] We affirm.

## I. Background

In May of 2010, Boyd was sitting on the front steps of a house in Camden, New Jersey, when an undercover police officer who was part of a team conducting a drug investigation in the area approached Boyd and asked for "three dimes" of "rocks." Boyd sold the undercover officer three bags of crack cocaine for $30 cash (three $10 bills). As unmarked police cars approached to arrest Boyd, he ran inside the house and shut the door. Officers kicked in the front door just in time to see Boyd attempting to escape through the back door of the house. As he was arrested, officers searching the home found a Smith and Wesson handgun on a couch next to two $10 bills and a red baseball cap similar to one Boyd was seen wearing earlier. Police also found another 18 bags containing crack cocaine outside the home. Forensic testing revealed that the 21 bags contained a total of 2.67 grams of crack.

Boyd was charged with distribution of crack cocaine and possession of a firearm by a convicted felon, but pled guilty per a plea agreement to only the drug charge. In exchange, the Government agreed to dismiss the weapons charge. No agreement existed, however, as to the applicable Guidelines range.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

At sentencing, Judge Hillman followed the familiar three-step process outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). He first calculated the applicable Sentencing Guidelines range, and determined Boyd's Guidelines range to be 151 to 188 months' imprisonment.[2] Because neither party moved for a departure, the Judge immediately proceeded to considering the sentencing factors under 18 U.S.C. § 3553(a). During the Government's argument, Judge Hillman asked about its decision, given Boyd's criminal history, not to charge him under a particular provision of 21 U.S.C. § 841(b)(1)(c). In response, the Government was careful to avoid divulging plea negotiations, but confirmed that it could have charged the case in a way that would have subjected Boyd to a 30-year statutory maximum under § 841(b)(1)(c) (by filing an information that Boyd had a prior felony drug conviction at the time he was arrested).

After hearing the parties' arguments, the Judge explained that a downward variance was appropriate given (1) Boyd's status as a relatively low-level drug dealer and (2) his reduced risk of recidivism. As a way to measure the appropriate variance for the first factor, Judge Hillman looked to the departure provision under Chapter Four of the Guidelines for defendants whose criminal history category overstates the seriousness of their criminal record. While noting that the departure provision was not binding, he subtracted one level from Boyd's criminal history category (just as he might if he were to find a downward departure under § 4A1.3), thus arriving at a range of 140 to 175 months.

---

[2] Boyd did not object to the Court's Guidelines calculation, nor does he challenge that calculation in this appeal.

3

Judge Hillman then further reduced Boyd's sentence based on his recidivism risk to 132 months' imprisonment.

Boyd nonetheless appeals, and challenges the procedural and substantive reasonableness of his sentence.

## II. Discussion

We have three issues on appeal. Boyd argues first that the District Court improperly inquired into the Government's charging decision. Next, he asserts that the Court erred by invoking a departure standard when fashioning his sentence under § 3553(a). Finally, Boyd contends that his sentence was substantively unreasonable.

We review both the procedural and the substantive reasonableness of a district court's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We must "ensure that the [D]istrict [C]ourt committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the sentence is procedurally sound, we then consider if it is substantively reasonable given "the totality of the circumstances." *Id.* If the sentence is within the applicable Guidelines range, we may presume that the sentence is reasonable. *Rita v. United States*, 551 U.S. 338, 350–51 (2007). Any objection that was not raised before the sentencing court is reviewed for plain error. *United States v. Ward*, 626 F.3d 179, 183 (3d Cir. 2010).

4

Boyd asserts that the District Court erred by asking the Government about its charging decision.[3] Notably, Boyd did not object to the District Court's line of questioning during his sentencing, and therefore he must show that there is "an error that is plain, which affected his substantial rights, and which, if not rectified, would seriously affect the fairness, integrity or public reputation of judicial proceedings." *Ward,* 626 F.3d at 183 (citation omitted). But even if the District Court's questioning is reviewed under an abuse-of-discretion standard, the Court did not abuse its discretion by inquiring into whether Boyd was eligible for the 30-year statutory maximum under § 841(b)(1)(C). Under the Sentencing Guidelines, courts may "consider . . . the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *United States v. Goff,* 501 F.3d 250, 257 n.12 (3d Cir. 2007) (quoting 18 U.S.C. § 3553(a)(4)(A)). Section 6B1.2(a) of the Sentencing Guidelines, cited by Boyd, is not to the contrary. That section addresses the conditions under which a court may accept a plea agreement, and does not prevent it from considering uncharged conduct at sentencing. *See* U.S.S.G. § 6B1.2(a); *United States v. Baird*, 109 F.3d 856, 869-70 (3d Cir. 1997). To the extent plain error

_____

[3] Under 18 U.S.C. § 841(b)(1)(C), if Boyd had a felony drug conviction at the time he committed the subject drug offense, he would have faced a statutory maximum of 30 years (instead of the 20-year statutory maximum that was agreed to in Boyd's plea agreement). According to the Presentence Report, Boyd had at least four prior felony drug convictions at the time of the offense. The career offender enhancement, which ultimately determined Boyd's offense level and which no one disputes applied to Boyd, depends on the statutory maximum of the offense of conviction. *See* U.S.S.G. § 4B1.1. Thus, presumably the Government could have filed an information in the case that would have resulted in a base offense level two points higher than what was used by the District Court to calculate Boyd's Guidelines range.

review applies, Boyd has not shown that he has suffered prejudice, because the record does not reflect that Judge Hillman imposed a greater sentence on Boyd based on the Government's charging decision. *See United States v. Tann*, 577 F.3d 533, 538 (3d Cir. 2009).

Next, Boyd argues that the District Court erred when it considered a departure provision (U.S.S.G. § 4A1.3) during the third stage of its *Gunter* analysis. He contends that the District Court's reference to the departure provision demonstrates that the Court did not exercise discretion in determining the appropriate sentence. However, Judge Hillman explicitly noted that, although he looked to the departure provision for guidance (because it was analogous to Boyd's § 3553(a) argument that his criminal history category was overstated), he recognized that the provision was in no way binding. App. at 147. The Judge therefore appropriately considered relevant departure provisions of the Guidelines, but clearly understood that he was not bound by them. *See United States v. Severino*, 454 F.3d 206, 212 (3d Cir. 2006) (noting that the sentencing court appropriately considered a departure provision when assessing the § 3553(a) factors).

Finally, Boyd challenges the substantive reasonableness of his sentence. In his brief, Boyd essentially refers back to his arguments that his sentence was procedurally unreasonable, and for the reasons explained above we find his arguments unpersuasive. The Court considered and accepted both of Boyd's primary arguments (that his criminal history overstated the seriousness of his offense, and that he posed a reduced risk of recidivism), and granted a downward variance based on them. Yet Boyd claims that the 16-month downward variance was insufficient given his circumstances. We disagree, as

6

we cannot say that "no reasonable sentencing court would have imposed the same sentence on [Boyd] for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568.

For the foregoing reasons, we affirm.